## WILLETT DORLAND

*v.*

## TIMOTHY M. BRADLEY *et al.*

1. CHATTEL MORTGAGE—*foreclosure—whether valid as to creditors of mortgagor.* On the day the debt secured by a chattel mortgage became due, the mortgagee placed the mortgage in the hands of a constable to foreclose, who took possession of the property on the same day, and placed it in the hands of a custodian, in a room in the house of the mortgagor, who surrendered the keys. The custodian remained in the room with the goods night and day until they were attached by a creditor of the mortgagor, except that he was absent not more than fifteen or twenty minutes, when the levy was made. At the time of the levy, the custodian had the keys with him, and had temporarily left a boy of the mortgagor

in charge to watch the goods. It did not appear that this boy had ever before been in the possession or control of the goods while in his master's employment: *Held*, that the temporary absence of the custodian, leaving the goods in charge of the boy, did not amount to a restoration of the possession to the mortgagor, so as to render the transaction fraudulent as to creditors, etc., and subject the property to the levy.

2. EVIDENCE—*hearsay*. Where the custodian in the charge and possession of goods taken under a chattel mortgage left them for a few minutes only with a boy in the employment of the mortgagor, during which time the sheriff seized them under an attachment against the mortgagor, in an action of replevin by the mortgagee to recover possession, the court below admitted evidence of what the boy said when the levy was made: *Held*, that such declarations were hearsay, and not admissible, as the boy was a competent witness.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. NICHOLES, McKINDLEY & MORRISON, for the plaintiff in error.

Mr. WM. R. PAGE, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought by plaintiff in error in the Superior Court of Cook county, against defendants in error, for the recovery of the possession of a quantity of personal property. The parties dispensed with a jury, and, by consent, submitted the case to the court for trial. After hearing the evidence, the court below found the issues in favor of defendants, and rendered a judgment for costs in their favor, to reverse which this writ of error is prosecuted.

It appears from the bill of exceptions that one Ellis had executed a mortgage on the chattels in dispute in favor of and to secure the payment of a debt to plaintiff in error. On the day the debt matured, to secure which the mortgage was given, plaintiff in error placed it in the hands of a constable to foreclose. He, on the same day, took possession of the property under the mortgage, and placed it in the hands of a

414      DORLAND *v.* BRADLEY *et al.*      [Sept. T.

Opinion of the Court.

custodian. The mortgagor gave the keys of the room in which the goods were situated to the constable, and he gave them to the custodian when the goods were delivered to him. He testifies that he had continuously held possession of the goods until they were seized under the attachment; that he held the keys and remained in the room with the goods night and day during that time, and usually on leaving he locked the door, but at the time the goods were levied on, there was in the office a boy in the employment of the mortgagor, and, desiring to go to the water-closet connected with the hall of the same floor of the room in which the goods were situated, he left the boy alone in the office, whom he directed to take care of the goods until his return; that he had the keys of the room in his pocket, and that he was not absent more that fifteen or twenty minutes; and whilst he was thus absent, the sheriff made the levy, and placed a custodian in possession, and the two afterwards remained in the room, claiming possession.

He says Dr. Ellis occupied the room after he was put in possession of the goods, but the witness kept the keys, and locked and controlled the doors; that Ellis was absent at his dinner when the levy was made. These facts are relied upon as a justification in seizing and holding the goods by defendant in error.

Did the necessary temporary absence of the custodian, leaving the goods in charge of the boy employed by the mortgagor, amount to a restoration of the possession of the goods to the mortgagor, so as to render the mortgage fraudulent and void as to subsequent *bona fide* purchasers and creditors? We think not. It does not appear that the boy had ever been in the possession or control of these goods whilst in the employment of the mortgagor prior to the time Smith, the custodian, directed him to keep the goods until he returned. In what capacity the boy acted does not appear. Whether he had been employed to sweep the room, make fires and attend to the doctor's horse and to carry messages, or in some other

capacity., does not appear; but be that as it may, he was not, so far as the evidence discloses, the agent of the doctor to hold possession or to control the property; and we are clearly of the opinion that as Smith was in full possession of the room and goods, he might temporarily place them in charge of the boy on such an occasion, and the possession of the boy would be his possession. It was not intended to, nor did it operate as a surrender or re-delivery of the goods to the mortgagor. Had he left Ellis in like possession, the question might have been very different. Had the custodian placed any other person in charge of the goods whilst he was thus absent, no one, we presume, would be inclined to say that it was such a surrender to Ellis as defeated the lien of plaintiff in error.

He had obtained them under what amounted to a conditional purchase, and the sale was not defeated by the vendor complying with the condition of the mortgage. The mortgagee had completed his title by taking possession immediately on the condition being broken. The legal title was then vested in him, and it can not be said that he acted fraudulently, either in fact or in law, by his agent leaving the room unlocked for a few moments, even if a servant of the former owner was left in the room alone with the goods. Thus situated, they were not under the power or control of Ellis, much less in his possession. We are, therefore, clearly of the opinion that plaintiff in error showed by the evidence a right to recover the chattels.

Again, it was error to admit evidence of what the boy said when the levy was made. He was a competent witness, and should have been called. The evidence of his declarations was hearsay, and that has always been held by this court to be inadmissible, in conformity to the rule announced by text writers and adjudged cases.

For the errors indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*