THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL PHILLIPS, Defendant-Appellant.

Fifth District No. 75-18

Opinion filed June 14, 1976.

388

EBERSPACHER, J., dissenting.

Stephen P. Hurley and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Ronald A. Niemann, State's Attorney, of Salem (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:
The defendant, Michael Phillips, appeals from the judgment of the circuit court of Marion County which held him to be ineligible for treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, pars. 120.1 to .29) and which sentenced him to concurrent terms of imprisonment for three to nine years on the basis of his pleas of guilty to the charges of burglary and unlawful possession of controlled substances.

Phillips was indicted in Marion County for the unlawful possession of controlled substances in violation of section 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1402(b)). Criminal complaints were also filed against Phillips in Effingham County charging him with two burglaries of drug stores in contravention of section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 19—1). Phillips filed a petition in the circuit court of Marion County which stated that he believed himself to be an addict within the meaning of section 3.03 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.3—3), and which requested that he be given treatment by the Illinois Department of Mental Health in accordance with the Dangerous Drug Abuse Act. A motion made by Phillips in Marion County stated that he wished to plead guilty to the charges against him in Effingham County and that he desired to have the charges disposed of by the circuit court of Marion County. The burglary charges and the controlled substances charge were consolidated under section 5—4—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—2) for a hearing before the circuit court of Marion County with the consent of the State's attorney of Effingham County.

The hearing was held on November 12, 1974. The circuit court of Marion County first considered the question whether Phillips should be treated under the Dangerous Drug Abuse Act, or sentenced and

imprisoned. In denying Phillips's petition for treatment under that Act, the circuit court said:

"Let the record show that this case is set for trial before a jury on November 13, which is tomorrow; that there has been a motion filed for consolidation of felonies in Effingham for the purpose of a negotiated plea; that there has been no consent by the state's attorney or by the probation officer of Marion County to consent to this section of the statute to refer the defendant for treatment, and for that purpose and reason the motion will be denied."

At the close of the hearing, the circuit court also said:

"It would be the recommendation of this court that this defendant—all the cases that he has been involved in, in these cases, not only the cases in which were listed in this negotiated plea, but all the cases that have been before the court in other counties have all been drug-related criminal activities, and that if there is any treatment available in the state for a person who is either addicted to drugs or doesn't have the will power to resist taking drugs, that he be given whatever treatment is available for him."

After denying the defendant's petition for treatment under the Dangerous Drug Abuse Act, the circuit court addressed him and sought to ascertain whether he understood the consequences of pleading guilty to the charges against him, and whether there were factual bases for the guilty pleas. The circuit court then accepted the pleas of guilty that were made by Phillips and fully and completely admonished him as to his rights.

Before being sentenced Phillips testified at the hearing concerning his habitual use of drugs. He said that he had often used morphine and that he had burglarized the drug stores in order to obtain morphine. The court then sentenced Phillips to imprisonment for three to nine years on each of the burglary charges and on the controlled substances charge, with the terms of imprisonment to run concurrently.

Phillips now argues that the circuit court erred in deciding that he was ineligible for treatment under the Dangerous Drug Abuse Act, and that the trial court should not have accepted his pleas of guilty because they were not knowingly and intelligently made. Phillips also asserts that he did not plead knowingly and intelligently because the circuit court did not advise him that he had a right not to plead guilty, that he waived his right to confront his accusers by pleading guilty, and that he subjected himself to a mandatory parole term of three years on each charge by pleading guilty.

The Dangerous Drug Abuse Act confers upon a sentencing court the discretion to offer a defendant an opportunity to receive treatment for his

addiction instead of imprisonment. (Ill. Rev. Stat. 1973, ch. 91½, pars. 120.9, 120.10.) This discretion exists, however, only if the court has reason to believe that the defendant is an addict, or the defendant states that he is an addict, and the court finds that the defendant meets the requirements for eligibility that are set forth in section 8 of the Act. (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8.) If the discretion exists, it must be exercised by the court. *People v. Robinson,* 12 Ill. App. 3d 291, 297 N.E.2d 621.

In the present case, the testimony of the defendant, Phillips, at the hearing indicated that there was reason to believe that he was an addict within the meaning of section 3.03 of the Act. (Ill. Rev. Stat. 1973, ch. 91½, par. 120.3—3.) Moreover, the remarks made by the court at the close of the hearing revealed that the court did consider Phillips an addict, and may have extended an opportunity to him to be treated under the Act if the court had thought that he met the requirements of section 8. (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8.) Because of its interpretation of section 8, the court thought that it had no discretion to offer Phillips an opportunity to receive treatment under the Act; therefore, the court declined to exercise discretion on this matter. Whether the court's refusal to exercise discretion was error depends on the propriety of the court's interpretation of section 8. Ill. Rev. Stat. 1973, ch. 91½, par. 120.8; see *People v. Robinson.*

Section 8 of the statute says in part:

"An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of the Department instead of prosecution or probation, as the case may be, unless * * * (d) other criminal proceedings alleging commission of a felony are pending against the addict, or (e) the addict is on probation or parole and the appropriate parole or probation authority does not consent to the election. * * *An eligible addict may not be admitted to a treatment program, however, unless the authorities concerned consent as hereinafter set forth." Ill. Rev. Stat. 1973, ch. 91½, par. 120.8.

The State urges three reasons why the defendant did not satisfy the requirements of section 8. (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8.) First, the two burglary charges, which had been transferred to the court from Effingham County were "other criminal proceedings alleging commission of a felony" pending against the defendant within the meaning of clause (d) of section 8. Second, the State's attorney's refusal to consent to the defendant's being treated under the Act made the defendant ineligible for treatment. Third, the defendant's probation officer was the "appropriate parole or probation authority," within the meaning of clause (e) of section 8 to consent to the defendant's election of treatment.

At the same hearing in which the court denied the petition for

treatment, the defendant pled guilty to the charges of burglary. The court accepted the pleas and sentenced the defendant for the crimes. When the pleas were accepted and the defendant was sentenced, the judgment against the defendant on the charges of burglary became final. (*People v. Warship*, 59 Ill. 2d 125, 319 N.E.2d 507.) Thus, the burglary charges against the defendant ceased to be pending and the defendant's ineligibility under clause (d) of section 8 (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8) was removed. That the defendant pled guilty after his petition for treatment was denied makes no difference. The hearing that was held by the court should be viewed as a whole, so that the defendant's eligibility for treatment under the Act does not depend on the mere sequence of events at the hearing.

■■ The State argues that the burglary charges had to be regarded by the circuit court of Marion County as still pending before the circuit court of Effingham County, because the circuit court of Marion County possessed only a limited jurisdiction over the charges for the purpose of receiving the defendant's guilty pleas. (See Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—2.) In support of this argument, the State emphasizes that, had Phillips pled not guilty to the burglary charges, the charges would have been transferred back to the circuit court of Effingham County. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—2(b).) The answer to this contention is that the defendant did plead guilty to the burglary charges, and so the limitations on the court's jurisdiction did not prevent the court from completely disposing of the burglary charges. Once the court had disposed of the charges by sentencing Phillips, the charges ceased to be pending against Phillips in spite of what would have happened if he had pled not guilty. Thus the court could not properly consider Phillips ineligible for treatment under the Act on the ground that there were "other criminal proceedings alleging commission of a felony" pending against him. Ill. Rev. Stat. 1973, ch. 91½, par. 120.8.

■■ The second reason urged by the State for denial of the defendant's petition for treatment is invalid. The consent of the State's attorney is necessary under the Act only for the purpose of allowing the trial court to postpone a defendant's trial, or the finding of the court based upon the trial, until the time, if ever, that the Illinois Department of Mental Health tells the court that the defendant has failed to complete successfully his treatment program. (Ill. Rev. Stat. 1973, ch. 91½, par. 120.9.) If the State's attorney refuses to consent to a delay, the court must try the defendant and make a finding in his case before placing him in a treatment program. (Ill. Rev. Stat. 1973, ch. 91½, par. 120.9.) After the defendant has been convicted, the court may permit him to be treated, rather than imprisoned, without seeking the consent of the State's attorney. (See Ill. Rev. Stat. 1973, ch. 91½, par. 120.10.) Thus, the lack of a State's attorney's

consent cannot preclude a defendant from receiving treatment under the Act.

■■ The last reason urged for denial of the petition for treatment is also erroneous. At the time of the hearing the defendant was on probation for a previous offense. He was supervised by the probation office of Marion County. This officer was not the "appropriate parole or probation authority" whose consent was required for the defendant to be eligible for treatment under the Act. (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8.) The logical interpretation of this phrase in the statute is that the "appropriate parole or probation authority" with respect to defendant is the authority that placed the defendant on parole or probation. In other words, if a defendant is a parolee, he must secure the consent of the Parole and Pardon Board to his being treated under the Act in order for him to be eligible. (See Ill. Rev. Stat. 1973, ch. 38, pars. 1003—3—1, 1003—3—2.) If a defendant is a probationer, he must have the circuit court that admitted him to probation consent to his receiving treatment under the Act in order for him to be eligible. (See Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—1.) The reason that the consent of these authorities is required is obvious. Their consent is, in effect, an agreement not to revoke the defendant's parole or probation on the basis of his latest offense while he participates in a treatment program in accordance with the terms of the Act. (See Ill. Rev. Stat. 1973, ch. 38, pars. 1003—3—7, 1003—3—9, 1005—6—3, 1005—6—4.) If such consent were lacking, the treatment of the defendant could be interrupted at any moment by the revocation of his parole or probation.

When a defendant has been placed on probation by the same court which considers whether he meets the requirements of section 8 of the Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8), the court does not need the consent of any other authority in order to deem the defendant eligible for treatment. In the present case, Phillips had apparently been previously placed on probation by the circuit court of Marion County. If this were so, the court itself was the "appropriate parole or probation authority" and the lack of consent by the probation officer of Marion County was irrelevant. (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8.) To hold otherwise would have the extraordinary effect of giving the servant of the court, that is, the probation officer (see Ill. Rev. Stat. 1973, ch. 38, pars. 204—1, 204—4), a veto power over decisions made by the court in applying the Act. Thus the court could not properly deny the petition by Phillips for treatment on the ground that his probation officer had not consented to his receiving treatment.

Because there was reason to believe that Phillips was an addict, and the basis on which the court decided that he did not meet the requirements of section 8 (Ill. Rev. Stat. 1973, ch. 91½, par. 120.8) were incorrect, the

denial of the petition for treatment must be reversed and the case must be remanded for a new determination of the eligibility of Phillips for treatment under the Act. If the circuit court of Marion County is the authority which previously placed the defendant on probation, then the consent of no other authority is necessary in order for the defendant to be eligible for treatment. If, indeed, the consent of no other authority is necessary, the circuit court possesses discretion by virtue of sections 9 and 10 of the Act (Ill. Rev. Stat. 1973, ch. 91½, pars. 120.9, 120.10) which the circuit court must exercise in deciding whether to offer the defendant an opportunity to receive treatment under the Act. See *People v. Robinson*, 12 Ill. App. 3d 291, 297 N.E.2d 621.

Defendant argues also that his guilty pleas were not made knowingly and intelligently because the court did not admonish him that each charge carried a mandatory parole term of three years, that he waived his right to confront his accusers by pleading guilty, and that he had a right not to plead guilty.

The hearing in this case was held several months before the opinion of the Supreme Court in *People v. Wills*, 61 Ill. 2d 105, 330 N.E.2d 505, was filed on May 19, 1975. That the circuit court did not admonish the defendant concerning the mandatory parole term for each charge was, therefore, not enough in itself, to make the guilty pleas defective. See *People v. Wills*, 61 Ill. 2d 105, 111, 330 N.E.2d 505, 509.

Moreover, the combination of the court's not advising the defendant about the mandatory parole terms, his right to confront his accusers, and his right not to plead guilty, was not sufficient to cause the pleas to be invalid. The record of the hearing shows that the court very carefully questioned the defendant in order to determine whether his pleas were intelligently and voluntarily made. The record fully supports the court's conclusion that the guilty pleas were knowingly, intelligently, and voluntarily made by the defendant. The convictions of the defendant based upon his guilty pleas must, therefore, be affirmed. *People v. Wills*, 61 Ill. 2d 105, 330 N.E.2d 505.

The judgment of the circuit court of Marion County is affirmed in part, reversed in part, and remanded with directions.

Affirmed in part, reversed in part and remanded with directions.

KARNS, J., concurs.

Mr. JUSTICE EBERSPACHER, dissenting:

I do not agree with the interpretation of the Dangerous Drug Abuse Act or the propriety of its application in this case; first, because the State's Attorney of Effingham County had consented to the transfer of the

394

burglary charges to Marion County solely for the purpose of the acceptance of a plea of guilty, and secondly, because the record, in my opinion, clearly shows that the defendant was not an addict under the Act, and so acknowledged in open court to the satisfaction of the trial judge. Obviously defendant's petition alleging himself to be an addict was a ploy to attempt to escape his entering the guilty pleas which he had agreed to enter in order to get his cases transferred to Marion County, for the purpose of there pleading guilty.

I would therefore affirm.