(No. 48726.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MICHAEL PHILLIPS, Appellee.

*Opinion filed March 23, 1977.—Rehearing denied May 26, 1977.*

William J. Scott, Attorney General, of Springfield, and Scott Wilzbach, State's Attorney, of Salem, (James B. Zagel, Jayne A. Carr, and Dale M. Bennett, Assistant Attorneys General, of Chicago, and Bruce D. Irish, of the Illinois State's Attorneys Association, of Mt. Vernon, of counsel), for the People.

Michael J. Rosborough, Deputy Defender, and Daniel M. Kirwan, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Defendant, Michael Phillips, was indicted in the circuit court of Marion County for unlawful possession of a controlled substance. Criminal complaints also were filed against him in Effingham County charging him with two burglaries. The charges were consolidated for a hearing before the circuit court of Marion County as provided by section 5—4—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—2(b)). The defendant then filed a petition informing the court that he believed himself to be an addict within the meaning of section 3.03 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.3—3), and that pursuant to section 8 of that act (Ill. Rev. Stat. 1973, ch. 91½, par.

120.8) he elected to undergo treatment under the supervision of the Department of Mental Health instead of prosecution. The court found the defendant to be ineligible because he was on probation for a prior offense and his probation officer would not consent to such treatment. The defendant then pleaded guilty to the charges against him and was sentenced to concurrent terms of imprisonment for 3 to 9 years on each charge. The appellate court, with one justice dissenting, reversed and remanded the cause for another determination of defendant's eligibility under the Act. (39 Ill. App. 3d 387.) We granted the State leave to appeal. The issue before this court is the constitutionality of section 8(e) of the Act, which requires the consent of the appropriate probation authority before a probationer can be eligible for treatment under the Act.

Section 8 of the Act provides:

"An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of the Department instead of prosecution or probation, as the case may be, unless *** (e) the addict is on probation or parole and the appropriate parole or probation authority does not consent to that election ***."

At the time of the defendant's petition for treatment under the Act he was on probation for a previous offense and was under the supervision of the probation office of Marion County. In denying defendant's petition the court stated:

"Let the record show that this case is set for trial before a jury on November 13, which is tomorrow; that there has been a motion filed for consolidation of felonies in Effingham for the purpose of a negotiated plea; that *there has been no consent by the state's attorney or by the probation officer of Marion County* to consent to this section of the statute to refer the defendant for treatment, and for that purpose and reason the motion will be denied." (Emphasis added.)

The appellate court, in reversing, held that the lack of consent by defendant's probation officer was irrelevant. The majority opinion of the appellate court reasoned that

the probation authority whose consent is contemplated by section 8(e) is the circuit court which admitted defendant to probation, not the probation officer. The State appealed, contending that section 8(e) requires the consent of defendant's probation officer.

In briefs and argument before this court, defendant concedes that the interpretation of section 8(e) advanced by the State is correct. Defendant argues, however, that this section of the Act, by requiring the consent of a probation officer before a defendant can be eligible for treatment, delegates to the probation officer sentencing authority which should reside with the court. In so doing, defendant argues, section 8(e) contravenes article VI, section 1 of the 1970 Constitution of the State of Illinois: "The judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts."

It is, of course, indisputable that the power to impose sentence is exclusively a function of the judiciary. (See Ill. Rev. Stat. 1975, ch. 38, par. 1005—4—1(b).) In *People v. Montana,* 380 Ill. 596, we declared unconstitutional certain amendments to the sentence and parole act. (Ill. Rev. Stat. 1941, ch. 38, par. 801 *et seq.*) These amendments limited the sentencing power of a court to making only advisory recommendations as to maximum and minimum duration of imprisonment. The Division of Correction, an administrative body, was given authority to reject such recommendations and impose a different sentence. We held this to be an unconstitutional delegation of judicial power, and said that "[t]he power to impose sentence as a punishment for crime is purely judicial." (380 Ill. 596, 608.) We are here concerned only with a situation where the defendant who has been charged with a crime, but not convicted, elects treatment under the Act instead of prosecution. We hold that in such a case the authority granted to the probation officer to deny treatment under the Act to persons charged with, but not convicted of, a criminal offense does not infringe upon the

court's constitutional right to impose sentence.

The Unified Code of Corrections defines "sentence" as "the disposition imposed by the court on a convicted defendant." (Ill. Rev. Stat. 1975, ch. 38, par. 1005—1—19.) This court, prior to the Unified Code, repeatedly characterized "sentence" as the judicially declared consequence of the defendant's guilt, either confessed or ascertained by a verdict. *People ex rel. Barrett v. Bardens,* 394 Ill. 511; *Peoples ex rel. Fullenwider v. Jenkins,* 322 Ill. 33; *People v. Murphy,* 257 Ill. 564; *Featherstone v. People,* 194 Ill. 325.

The Act provides an alternative to the usual criminal justice procedures; it allows a criminal defendant with a drug abuse problem to *avoid* the criminal justice machinery and the ultimate result of either acquittal or sentence. A defendant who is eligible under the Act may elect to submit to treatment by the Department of Mental Health instead of prosecution. In such a case, treatment, unlike a sentence, is not a consequence of defendant's guilt. It is instead "an alternative to a criminal conviction and the regular sentencing alternatives available under the Unified Code of Corrections." (65 Ill. B.J. 142, 144 (1976).) If he is a probationer, his probation officer's consent must affirmatively be shown. Since he has been charged with, but not yet convicted of, a crime, failure to obtain the proper consent prohibits the court from placing him in the Act's treatment program *in lieu of* both conviction and sentence. The court may, however, without consent, proceed to the conviction stage and, if defendant is convicted, accomplish a similar result by imposing a sentence of probation with the condition, pursuant to section 5—6—3(b)(4) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(b)(4)), that defendant obtain treatment for drug addiction. The required consent of the probation officer, then, does not have the effect of dictating the sentence or infringing upon the sentencing power of the court. The sentence imposed

by the court, the consequence of defendant's guilt, is that defendant will serve a term of probation, for which no consent by the probation officer is needed.

We are not unmindful of the decision of the Supreme Court of California in *People v. Superior Court* (1974), 11 Cal. 3d 59, 520 P.2d 405, 113 Cal. Rptr. 21, in which a California drug addict diversion statute was held unconstitutional. The California statute required that after a defendant has been found to be eligible for treatment under the act and the probation department had investigated the case and recommended diversion, the court had to determine whether or not the defendant should be diverted. All judicial decisions to divert, however, were subject to the veto of the prosecutor. The Supreme Court of California held that the vesting of the power in the District Attorney to veto the decision of the court to divert the defendant to a treatment program violated the separation-of-powers doctrine, and that the decision of the court to divert a defendant into the treatment program was an exercise of judicial power which cannot be constitutionally subordinated to the veto of the prosecutor.

Our statute is readily distinguishable from the California statute. The required consent of the appropriate probation or parole authority in our act does not constitute a veto of the exercise of judicial authority. The participation of these officers is involved only in the determination of whether a defendant is eligible for consideration. If a defendant is not on probation or parole, naturally these officers are not involved, but if a defendant is on probation or parole and elects to take treatment under the plan it is necessary to have the cooperation of the probation or parole officer whose duty and responsibility it is to supervise the defendant. (See Ill. Rev. Stat. 1975, ch. 38, par. 204—4 (probation officer), and ch. 38, par. 1003—14—2 (supervising parole officer).) Without the assured cooperation of these officers the success of any

418

treatment program would be seriously jeopardized. It is only after the eligibility requirements are satisfied that the court determines whether or not the defendant should be admitted to treatment under the Act.

We conclude that the failure of the defendant's probation officer to consent to his election for treatment under the Act does not constitute an interference with judicial authority by a nonjudicial officer in violation of article VI, section 1, of the 1970 Constitution of Illinois. We therefore reverse the holding of the appellate court and affirm the circuit court of Marion County.

*Appellate court reversed;*
*circuit court affirmed.*