THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARK A. ROBINSON, Defendant-Appellant.

First District (5th Division)   No. 79-99

Opinion filed May 30, 1980.

Arthur J. O'Donnell and Sheila M. Murphy, both of O'Donnell & Murphy, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joan S. Cherry, and Terence P. Gillespie, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant was charged in a single count information with the offense of burglary. (Ill. Rev. Stat. 1977, ch. 38, par. 19—1.) Before trial he filed a petition to be treated as a narcotic addict under the Dangerous Drug Act (the Act). (Ill. Rev. Stat. 1977, ch. 91½, par. 120.1 *et seq.*) The trial court, after a hearing, found that defendant was eligible for treatment as a narcotics addict under section 8 of the Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.8) and that he had been accepted for treatment by the Department of Mental Health (the Department). Pursuant to section 9 of the Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.9), the trial court advised the defendant of the possible consequences of his request to be treated under the Act. Defendant stated that he understood these consequences, waived his rights to a speedy trial and to a trial by jury, and elected to be treated under the Act. The State's Attorney refused to consent to defer the trial under section 9, and a bench trial was conducted on the charge of burglary. At the conclusion of the bench trial, the State's Attorney refused to consent to defer entry of the court's general finding under section 9. The trial court then entered a general finding of guilty and continued the matter for a presentence investigation report. After reviewing this report, the trial court entered judgment on the guilty finding and sentenced the defendant under section 10 (Ill. Rev. Stat. 1977, ch. 91½, par. 120.10) to three years' probation with a condition of continued treatment of his addiction problem in the Treatment Alternatives to Street Crime drug program of the Department. Defendant appeals.

The issue in this case is whether section 9 of the Act permits the trial court to place a defendant, eligible for treatment inside the Act, under the supervision of the Department after a general finding of guilty has been rendered against defendant. The State maintains that when the State's Attorney, in accordance with section 9, refuses to consent to defer the entry of the general finding, the trial court's only option is to enter a judgment of conviction on the general finding of guilty and sentence defendant under section 10. Defendant, on the other hand, argues that even after the trial court enters its general finding of guilty the defendant may be placed under the supervision of the Department pursuant to section 9. Thus, according to defendant's theory, judgment of conviction and imposition of sentence may be entirely avoided.

Before proceeding to our discussion of the various arguments, we

would note that the record affirmatively shows that the trial court felt precluded from considering preconviction placement of the defendant with the Department under section 9 by the State's Attorney's action forcing the entry of a general finding of guilty. Thus, this appeal will determine only whether the cause should be remanded to the trial court to consider the alternative of preconviction placement of the defendant with the Department.

At this point a review of the relevant sections of the Act is called for. Section 8 contains the criteria for determining when a defendant is eligible for treatment as a narcotics addict under the Act. (Ill. Rev. Stat. 1977, ch. 91½, par. 120.8.) Section 9, in general, involves defendants charged with a crime who are eligible for treatment under section 8. (Ill. Rev. Stat. 1977, ch. 91½, par. 120.9.) The first paragraph of section 9 states the trial court's role in advising a defendant on the consequences of choosing to be treated under the Act. The second paragraph of section 9, containing the pivotal language in this appeal, sets forth the procedure to be followed on the criminal charge pending against the defendant. The decisive language of this paragraph follows:

> "If the court determines that the individual is an addict and is likely to be rehabilitated through treatment, the court, unless the State's Attorney consents to defer trial until such time as prosecution is authorized under this Section to be resumed, shall, without a jury, conduct the trial of the individual but may, with the consent of the State's Attorney, defer entering its general finding respecting that individual until such time as prosecution is authorized under this Section to be resumed and place him under the supervision of the Department for treatment for a maximum of 2 years and may require such progress reports on the individual as the court finds necessary." (Ill. Rev. Stat. 1977, ch. 91½, par. 120.9.)

The final paragraph of section 9 provides that the pending criminal proceeding against a defendant, who has been placed under the supervision of the Department, may be resumed if: (1) the defendant has not successfully completed the treatment program, or (2) if the Department determines, before the supervision period ends, that defendant can no longer be treated as a medical problem. (Ill. Rev. Stat. 1977, ch. 91½, par. 120.9.) Section 10 deals with defendants who have been convicted of the crime and seek treatment under the Act. These persons may be placed on probation with a condition to undergo treatment for their narcotics addiction. Ill. Rev. Stat. 1977, ch. 91½, par. 120.10.

We first look to the public policy and legislative intent underlying the Act for guidance in our interpretation of section 9. Our legislature has declared that the public policy of this State recognizes the human

suffering caused by drug addiction as a matter of grave concern. (Ill. Rev. Stat. 1977, ch. 91½, par. 120.2.) To meet this problem:

> "It is imperative that a comprehensive program be established and implemented * * * to prevent such addiction and abuse * * * to study the problem of the abuse of controlled substances and use of cannabis in this State * * * and to provide diagnosis, treatment, care and rehabilitation for controlled substance addicts to the end that these unfortunate individuals may be restored to good health and again become useful citizens in the community." (Ill. Rev. Stat. 1977, ch. 91½, par. 120.2.)

In *People v. Phillips* (1977), 66 Ill. 2d 412, 362 N.E.2d 1037, our supreme court summarized the legislative intent of this act as follows:

> "The Act provides an alternative to the usual criminal procedures; it allows a criminal defendant with a drug abuse problem to *avoid* the criminal justice machinery and the ultimate result of either acquittal or sentence. A defendant who is eligible under the Act may elect to submit to treatment by the Department of Mental Health instead of prosecution. In such a case, treatment, unlike a sentence, is not a consequence of defendant's guilt. It is instead an 'alternative to a criminal conviction and the regular sentencing alternatives available under the Unified Code of Corrections.' (65 Ill. B.J. 142, 144 (1976).)" (*Phillips*, 66 Ill. 2d 412, 416, 362 N.E.2d 1037, 1039.)

From the public policy and legislative intent of this Act, we discern an attempt to withdraw certain criminal defendants, who are drug addicts and likely to be rehabilitated, from the existing criminal machinery which ultimately results in either acquittal or conviction and sentence. Instead, a new alternative is offered. This alternative places the defendants under the supervision of the Department and thereby diverts them from criminal conviction and sentence.

Similar legislation has been enacted in California, and the California Supreme Court has described its purpose as follows:

> "The purpose of such legislation, which has recently been adopted with variations in several of our sister states, is twofold. First, diversion permits the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction. Second, reliance on this quick and inexpensive method of disposition, when appropriate, reduces the clogging of the criminal justice system by drug abuse prosecutions and thus

enables the courts to devote their limited time and resources to cases requiring full criminal processing." (*People v. Superior Court* (1974), 11 Cal. 3d 59, 61-62, 520 P.2d 405, 407, 113 Cal. Rptr. 21, 23.)

The California Supreme Court, consistent with our interpretation, viewed this legislation as an alternative to the customary criminal process with the beneficial results of providing treatment which may lead to rehabilitation and avoiding the permanent badge of a criminal conviction.

Based on these sources, we believe that the State's Attorney's consent to defer entry of a general finding is not a prerequisite to preconviction placement of the defendant with the Department. Rather, the role of the State's Attorney, in refusing to consent to delay of the trial and to entry of the general finding, is to establish a permanent record of the evidence against the defendant on the pending charge and of the trial court's immediate evaluation of that evidence. This record may be later used by the State in a resumption of the pending criminal proceedings if the defendant fails to successfully complete the drug treatment program. The role of the State's Attorney extends no further.

Our review of section 9 is supported by the specific language of that section. The trial court, under section 9, may, with the consent of the State's Attorney, defer the entry of its "general finding." (Ill. Rev. Stat. 1977, ch. 91½, par. 120.9.) In its brief, the State has equated the term "general finding" with "conviction." Thus, the State reasons that upon entry of a general finding of guilty, a defendant has also been convicted of the offense and must be sentenced under section 10. This argument ignores the statutory definitions of conviction. The Unified Code of Corrections defines "conviction" as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." (Ill. Rev. Stat. 1977, ch. 38, par. 1005—1—5.) "Judgment" is defined as "an adjudication by the court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court." (Ill. Rev. Stat. 1977, ch. 38, par. 1005—1—12.) Under these definitions, a general finding of guilty cannot be considered a conviction. Consequently, the entry of a general finding of guilty does not limit a trial court's options to sentencing under section 10. Instead the trial court has the discretion to place the defendant under the supervision of the Department pursuant to section 9 and avoid the imposition of a criminal conviction and sentence.

Additional support for our interpretation of section 9 can be found in the recent amendment of section 9. (Pub. Act 81-851, effective Sept. 20, 1979.) The critical language of section 9 now reads:

"If the court determines that the individual is an addict and is likely to be rehabilitated through treatment, the court, unless the State's Attorney consents to defer trial until such time as prosecution is authorized under this Section to be resumed, shall, without a jury, conduct the trial or accept the guilty plea of the individual but shall defer entering any judgment of conviction and place him under the supervision of the Department for treatment for a maximum of 2 years and may require such progress reports on the individual as the court finds necessary." (Pub. Act 81-851, effective Sept. 20, 1979.)

This subsequent amendment to the Act is a proper source for discerning the legislature intent which framed the original section 9. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 349 N.E.2d 31.) Under this amendment, the State's Attorney only has authority to demand an immediate trial of the pending criminal proceeding. Once the trial is conducted, preserving the State's evidence against the defendant, the trial court "shall defer entering any judgment of conviction and place him under the supervision of the Department for treatment * * *." (Pub. Act 81-851, effective Sept. 20, 1979.) This amendment illuminates the legislature's intention in drafting the original section 9. We believe the legislature intended to allow the trial court, after entry of a general finding, to consider placement of defendant under the supervision of the Department without entry of a criminal conviction or sentence. Thus, the State's Attorney's right to demand trial and to entry of a general finding does not preclude this alternative to conviction and sentence. This cause will be remanded to the trial court to consider placement of defendant with the Department. We express no opinion on what action the trial court should take.

Accordingly, the circuit court's judgment of conviction and sentence is vacated and the cause remanded for proceedings consistent with the content of this opinion.

Conviction and sentence vacated and cause remanded.

SULLIVAN, P. J., and MEJDA, J., concur.