101 Ill.2d 438 (1984)
463 N.E.2d 703
In re T.W., a Minor, Appellee (The People of the State of Illinois, Appellant).
No. 58824.
Supreme Court of Illinois.
Opinion filed March 23, 1984.
Rehearing denied June 4, 1984.
Neil F. Hartigan, Attorney General, of Springfield, and Dennis Schumacher, State's Attorney, of Oregon (Phyllis J. Perko and Judith M. Pietrucha, of the State's Attorneys *439 Appellate Service Commission, of Elgin, of counsel), for the People.
G. Joseph Weller, Deputy Defender, and Michael Braun, Assistant Defender, of the office of the State Appellate Defender, of Elgin, for appellee.
Judgment reversed; cause remanded.
JUSTICE UNDERWOOD delivered the opinion of the court:
At issue here is whether section 4-7(1)(b) of the Juvenile Court Act (Ill. Rev. Stat., 1982 Supp., ch. 37, par. 704-7(1)(b)), requiring the consent of the State's Attorney before a court may order a "continuance under supervision," violates the separation-of-powers doctrine embodied in the Illinois Constitution (Ill. Const. 1970, art. II, sec. 1). The case arises from a petition filed in the circuit court of Ogle County alleging that T.W., a minor, had committed the offense of retail theft (Ill. Rev. Stat. 1981, ch. 38, par. 16A-3) and requesting that the court hold a shelter-care hearing and adjudge her to be a ward of the court pursuant to the provisions of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, pars. 703-6, 704-2). The court immediately ordered that the minor be placed in temporary shelter care and scheduled an adjudicatory hearing. At the hearing the minor denied the charge of retail theft, and the court heard testimony from a store manager, who stated that he observed T.W. remove a necklace from his store without paying for it. Counsel for the minor then requested that the court grant a continuance under supervision pursuant to section 4-7(1) of the Juvenile Court Act, which provides:
"The court may enter an order of continuance under supervision (a) upon an admission or stipulation by the appropriate respondent or minor respondent of the facts supporting the petition and before proceeding to findings and adjudication, or after hearing the evidence at trial but before noting in the minutes of proceeding a finding *440 of whether or not the minor is a person described in Section 2-1; and (b) in the absence of objection made in open court by the minor, his parent, guardian, custodian, responsible relative, defense attorney or the State's Attorney." (Emphasis added.) Ill. Rev. Stat., 1982 Supp., ch. 37, par. 704-7(1).
The assistant State's Attorney then objected to the court entering an order of continuance under supervision, explaining that he had been unable to produce as witnesses at the time of the hearing certain police officers who possessed relevant information that the judge should hear before acting on the juvenile's request for continuance under supervision. Counsel for the juvenile then moved the court to disregard the State's objection on the grounds that section 4-7(1)(b) violated the separation-of-powers doctrine. The court first denied the motion and then reversed its ruling, holding the statute unconstitutional on the grounds urged by counsel, and ordered that T.W. be placed on supervision under section 4-7(1) for nine months and that she continue in the shelter-care facility for that period. The State then appealed the circuit court's order directly to this court pursuant to Supreme Court Rule 660(b) and Rule 302(a). 87 Ill.2d Rules 660, 302(a).
The portion of section 4-7(1) requiring the State's Attorney's consent to a continuance under supervision was added by section 1 of Public Act 82-973. (Ill. Ann. Stat., ch. 37, par. 704-7, Historical Note, at 182 (Smith-Hurd Supp. 1982).) Prior to this amendment, the only parties whose consent was required were the minor or the minor's parents, guardian, custodian or responsible relative. (Ill. Rev. Stat. 1981, ch. 37, par. 704-7.) A continuance under supervision is the most lenient disposition available for delinquency petitions under the Juvenile Court Act, except for dismissal of the petition. If the parties entitled to voice objections to a continuance under supervision do not do so and the juvenile complies with the conditions imposed by *441 the court, section 2-11(1)(c) of the Act (Ill. Rev. Stat., 1982 Supp., ch. 37, par. 702-11(1)(c)) permits the juvenile, after reaching age 17, to petition the court for expunction of all law-enforcement and juvenile records relating to incidents occurring before age 17. Thus, assuming court approval of the petition, the juvenile who successfully completes supervision may have his juvenile record expunged.
We regard our opinion in People v. Phillips (1977), 66 Ill.2d 412, as dispositive of the issue here. Phillips dealt with a similar situation under sections 120.8 and 120.9 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1981, ch. 91 1/2, pars. 120.1 to 120.29). Generally, those sections permit a court, upon finding that the person charged with the offense is a drug addict, to inform him that he may elect care under a licensed drug-treatment program. If he does so and successfully completes such treatment, the criminal charges are then dismissed. The court's authority to permit a defendant to enter the treatment program is conditional, however, and where the addict who has been charged with a crime is already on probation or parole, the probation or parole authority must consent to the drug-treatment election. (Ill. Rev. Stat. 1981, ch. 91 1/2, par. 120.8(e).) The authority of a probation officer to withhold permission for a probationer to undergo drug treatment instead of prosecution was challenged as an unconstitutional invasion of the judicial power in Phillips, and this court there upheld the statutory requirement that the probation officer's consent be obtained. While emphasizing the exclusive power of the judiciary to impose sentence, the court there held that legislation providing a substitute for the usual criminal justice procedures was not invalidated by inclusion of a provision requiring consent of an officer in the executive branch of government. (66 Ill.2d 412, 415-16.) We see no significant distinction between the exercise of executive power in Phillips and here.
In both instances, the legislation gives the executive *442 branch the power to cause the proceedings to go forward within the traditional confines of the juvenile or criminal justice systems. In juvenile proceedings, if the State's Attorney objected to a continuance under supervision, the court would then proceed to make a finding on the delinquency charge and, if the court found the minor to be delinquent, adjudge him a ward of the court and make a disposition of the case. In criminal proceedings, where the probation officer does not consent to the drug-treatment program, prosecution of the case continues through to entry of judgment (Ill. Rev. Stat. 1981, ch. 91 1/2, par. 120.9). Moreover, as the court noted in Phillips, a court need not defer to the executive branch once traditional proceedings have resumed. (66 Ill.2d 412, 416.) It was there observed that the trial court may still accomplish the result it originally desired by imposing a sentence of probation with the condition that the defendant obtain treatment for drug addiction. The same is true under the Juvenile Court Act. We held in In re J.N. (1982), 91 Ill.2d 122, 127-28, that section 5-3(2)(o) (Ill. Rev. Stat. 1981, ch. 37, par. 705-3(2)(o)), which is a subsection of the statute dealing with juvenile probation, allows the court to impose conditions of supervision after findings and adjudication.
For the foregoing reasons, the judgment of the circuit court is reversed, and the cause remanded for such further proceedings as may be appropriate.
Judgment reversed; cause remanded.