*In re* R.S.L., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. R.S.L., a Minor, Respondent-Appellant).

Fourth District   No. 4—91—0231

Opinion filed November 21, 1991.—Rehearing denied January 9, 1992.

Kristen H. Fischer, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Following a dispositional hearing on March 21, 1991, under the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1989, ch. 37, par. 801—1 et seq.), in the circuit court of Champaign County, respondent minor was placed on 12 months' probation by the trial court for the offense of theft. (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(2)(A).) The respondent minor stipulated to the charge, and the court then made a finding that he was a delinquent minor. At the dispositional hearing, the State objected to the minor's case being continued under supervision. The court then formally adjudicated the minor to be a ward of the court and placed him on probation because it believed the State's objection to supervision precluded it from placing the respondent minor on supervision. During the dispositional hearing, the trial judge expressed his desire to place the minor on court supervision, regardless of the State's Attorney's objection. However, as noted, he did not find authority for doing so.

For purposes of this opinion, we are treating all mention of "on supervision" with an "order of continuance under supervision," as provided by sections 5—19(1) and (2) of the Act (Ill. Rev. Stat. 1989, ch. 37, pars. 805—19(1), (2)).

On appeal, respondent first contends that supervision can be given after the adjudication of delinquency and issuance of an order making the minor a ward of the court, based upon sections 5—23 and 5—24 (probation provisions) of the Act (Ill. Rev. Stat. 1989, ch. 37, pars. 805—23, 805—24). Second, respondent contends the provision allowing the State's Attorney to limit the power of the court is unconstitutional. Addressing the second contention first, we find the constitutionality of the provision has been upheld. *In re T. W.* (1984), 101 Ill. 2d 438, 463 N.E.2d 703.

■■■ ■ The constitutionality having been upheld, we hold that the trial court did not have the authority to grant respondent a continuance under supervision, as envisioned by sections 5—19(1) and (2) of the Act. The purpose of section 5—19 of the Act is to enable a court to place a minor under its control without an adjudication; thus providing an opportunity, upon successful completion of the controlled supervision, to dismiss the juvenile petition and proceedings; thus avoiding a negative finding. The limitation on the granting of a continuance under supervision by the State's Attorney's objection is absolute. The trial court's determination was correct.

Affirmed.

STEIGMANN and KNECHT, JJ., concur.