*In re* C.T.A., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. C.T.A., a Minor, Respondent-Appellant).

Second District   No. 2—94—0059

Opinion filed September 12, 1995.

G. Joseph Weller and Colleen M. Chang, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

In November 1990, respondent, C.T.A., admitted to the allegations of a delinquency petition and was placed on a continuance under supervision. In October 1992, his supervision was extended for six months. During that six-month period, the State petitioned to revoke his supervision. He was placed on probation, which was subsequently revoked. The court then ordered respondent committed to the Department of Corrections, Juvenile Division. Respondent appeals, raising the following issues: (1) whether the trial court lacked jurisdiction to conduct the adjudication proceedings because his natural father was not served with summons; (2) whether the trial court erred in extending the continuance under supervision; (3) whether respondent violated his probation; and (4) whether the court abused its discretion in committing him to the Department of Corrections. We reverse.

At the first hearing, on October 1, 1990, respondent and his mother appeared. Respondent's natural father and his adoptive father, David A. (the mother's new husband), were also named in the petition, but they did not appear. The court asked the mother whether the natural father's parental rights had been terminated. She responded affirmatively, indicating that he had no further rights to respondent. The court then ordered the natural father deleted as a party to the suit. The public defender was present and was formally appointed to represent respondent at this hearing. For all subsequent hearings, respondent's mother and adoptive father were served with summons.

After the first hearing, respondent retained private counsel. On November 7, 1990, respondent admitted to the facts underlying the petition, and the court placed him on continuance under supervision for two years. Temporary guardianship and custody of respondent were placed with the Department of Children and Family Services. On October 7, 1992, the court ordered that respondent's continuance under supervision be extended for six months, until April 7, 1993.

Respondent objected to the extension, but the objection was not on the basis that the extension was unauthorized by the statute.

In March 1993, the State petitioned to revoke the order for continuance under supervision. The court found that respondent had violated the conditions of the supervision. It therefore adjudicated him delinquent and made him a ward of the court. It also ordered that respondent serve a two-year term of probation. Six months later, the State petitioned to revoke his probation. The court revoked respondent's probation and committed him to the Department of Corrections, Juvenile Division. He timely appealed.

Respondent first contends that because his natural father was not served with summons, the court lacked jurisdiction from the outset of the proceedings. According to a social history investigation filed on October 26, 1990, David A. was only in the process of adopting respondent during the relevant period. Respondent asserts that his natural father was therefore entitled to notice of the hearings.

A minor's natural parents must be named as respondents in the petition for adjudication and are entitled to a summons. (705 ILCS 405/5—15(1) (West 1994).) An adjudication of wardship without notice to a named parent whose address was contained in the petition is void. See *People v. R.S.* (1984), 104 Ill. 2d 1, 6.

The State argues that respondent waived the issue of lack of notice to his natural father, who did not have custody of respondent and whose address was unknown, because respondent did not object to the deletion of the natural father as a party. The State further points out that merely because respondent's adoption by David A. was not completed does not mean that his mother's statement that the natural father's rights were terminated was false. The State notes that the natural father's rights may have been terminated earlier in another proceeding.

■ We agree with the State that respondent waived the issue of lack of notice to the natural father. The supreme court's opinion in *In re J.P.J.* (1985), 109 Ill. 2d 129, is dispositive. There, the minor and the custodial parent had notice of the proceedings and appeared and had the assistance of counsel, but they never questioned the State's diligence in ascertaining the whereabouts of the noncustodial parent, whose address was unknown. The court noted that counsel, the respondent, and his custodial parent were the persons most likely to know the necessary information. The court concluded that "the State's diligence in identifying or locating a parent whose identity or address was not known to the State at the commencement of the proceedings may not be attacked on appeal if the question was not also raised in the circuit court." *J.P.J.*, 109 Ill. 2d at 139-40.

Here, respondent failed to raise this issue in the trial court. We note that although the assistant public defender had not been officially appointed to represent respondent when the natural father was dismissed, she was present at the hearing and was appointed as counsel only minutes later. Also, respondent was represented by counsel throughout the proceedings, including when the social history report was considered, so that counsel was aware of it; yet respondent never raised the issue in the trial court. This issue is therefore waived. The rationale of *J.P.J.* applies strongly where, as here, it is doubtful that the natural father was a necessary respondent to the petition and where there is no evidence that the mother was lying when she stated that his parental rights had been terminated. As such, this issue is without merit, and the trial court had jurisdiction to order the continuance under supervision.

Respondent next contends that the court erred in extending the continuance under supervision beyond the 24-month limit provided by the statute. When construing a statute, a court must ascertain and give effect to the legislature's intent, the best indicator of which is the language of the statute itself. (*First of America Bank v. Netsch* (1995), 166 Ill. 2d 165, 181.) A statute must be considered as a whole so that no part is rendered meaningless. (*Collins v. Board of Trustees of the Fireman's Annuity & Benefit Fund* (1993), 155 Ill. 2d 103, 111.) If the statutory language is clear, the court must give it effect without resorting to other aids of construction (*Illinois Graphics Co. v. Nickum* (1994), 159 Ill. 2d 469, 479) and may not read into it exceptions, conditions, or limitations that the legislature did not express (*Kraft, Inc. v. Edgar* (1990), 138 Ill. 2d 178, 189).

The court placed respondent on continuance under supervision pursuant to section 5—19 of the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1989, ch. 37, par. 805—19 (now codified, as amended, at 705 ILCS 405/5—19 (West 1994))). Section 5—19(4) states that "[w]hen a hearing where a minor is alleged to be a delinquent is continued pursuant to this Section, the period of continuance under supervision may not exceed 24 months." (705 ILCS 405/5—19(4) (West 1994).) Respondent argues that the court was without the power to extend his supervision an additional five months beyond the original 24 months. The State responds that the extension of the continuance was authorized under section 5—19(3), which states, "[n]othing in this Section limits the power of the court to order a continuance of the hearing for the production of additional evidence or for any other proper reason." (705 ILCS 405/5—19(3) (West 1994).) We disagree.

■ First, giving the words in subsection (3) their plain meaning (see *First of America Bank*, 166 Ill. 2d at 181), we believe that subsec-

tion (3) refers to a continuance of the adjudicatory hearing (see 705 ILCS 405/5—14(1) (West 1994)), not the "continuance" of the continuance under supervision. Second, the State's reading of section 5—19(3) is too broad. Such an interpretation would render subsections (4) and (7) meaningless. Subsection (4) provides that a period of continuance under supervision may not exceed 24 months. Subsection (7) provides that the filing of a petition to revoke the continuance under supervision tolls the period of the continuance under supervision until the final determination. Subsection (7) further provides that "the term of the continuance under supervision shall not run until the hearing and disposition of the petition for violation." (705 ILCS 405/5—19(7) (West 1994).) If, as the State argues, the period could be extended beyond 24 months, there would be no need for the term to be tolled. Thus, the State's interpretation of subsection (3) would render subsections (4) and (7) meaningless.

■ The State further argues that we should construe section 5—19(4) as permissive or "advisory," rather than mandatory. While the term "may" is usually permissive (see *In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 298), here the language is "may not." The State fails to cite any authority for the proposition that "may not" can be construed as "advisory." The clear language of the statute shows that a mandatory interpretation is proper, and a court cannot order a continuance under supervision for a period of more than 24 months.

This construction does not conflict with the purpose of the statute. (See *In re R.S.L.* (1991), 221 Ill. App. 3d 808, 810 (the purpose of section 5—19 is to allow the court to place the minor under its control without an adjudication and a negative finding).) If the minor fails to complete the supervision satisfactorily within 24 months, the court may terminate the continuance under supervision and adjudicate the minor delinquent. (705 ILCS 405/5—19(4) (West 1994).) We conclude that, pursuant to the clear language of section 5—19(4), the court was without the authority to extend the continuance under supervision. Therefore, the petitions to revoke the continuance under supervision and to revoke probation were untimely, rendering the order revoking respondent's probation void. (See *In re D.P.* (1988), 165 Ill. App. 3d 346, 348.) Because of our resolution of this issue, we need not address respondent's remaining contentions.

The judgment of the circuit court of Winnebago County is reversed.

Reversed.

GEIGER and COLWELL, JJ., concur.