No. 52742.—

THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner, v. JOHN S. TESCHNER, Judge, *et al.,* Respondents.

*Opinion filed June 20, 1980.*

MORAN and UNDERWOOD, JJ., dissenting.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Chief Assistant Public Defender, of counsel), for respondent John C. Slowinski.

MR. JUSTICE RYAN delivered the opinion of the court:

This case involves a petition for an original writ of *mandamus* filed in this court. Petitioner, the State, contends that respondent John Teschner, circuit court judge of Du Page County, was precluded from placing respond-

dent John Slowinski, a defendant in a criminal case and an alleged drug addict, into a drug-rehabilitation program pursuant to the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.1 *et seq.*), because of the provision in the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3) stating that a defendant may not be sentenced to probation upon his conviction for a Class 2 felony or greater, if he had been convicted of a Class 2 felony or greater within 10 years. We granted leave to file a petition for writ of *mandamus*. 73 Ill. 2d R. 381(a).

There is little dispute over the facts in the case. Defendant, John C. Slowinski, was charged with the crime of burglary, which had been committed on July 18, 1978. Within the prior 10 years he had twice been convicted of burglary. About November 18, 1974, the defendant was admitted to probation on convictions on two counts of burglary, and on June 9, 1977, defendant was sentenced to two years' probation for the crime of burglary, conditioned on his receiving treatment through the Gateway House, a drug-rehabilitation program. The defendant was indicted for the July 1978 burglary on September 8, 1978. Before trial, the defendant petitioned the court to elect to be treated as a narcotic addict under the Dangerous Drug Abuse Act and to be placed under the supervision of the Department of Mental Health for treatment. Judge Teschner ordered the Department of Mental Health to conduct an examination of the defendant to determine whether he was an addict and the likelihood of his being rehabilitated through treatment. Judge Teschner found defendant guilty of burglary and sentenced him to 36 months' probation conditioned upon successful completion of the Gateway Program.

Because the defendant was convicted of three Class 2 felonies in less than 10 years, under the express terms of the Unified Code of Corrections (Ill. Rev. Stat. 1977,

ch. 38, par. 1005—5—3) he was not eligible for a sentence of probation. Throughout the briefs the State treats the action of Judge Teschner as being a sentence under the Unified Code of Corrections and speaks of the judge having "sentenced" the defendant to probation. However, in the present case, the defendant elected to be treated under the Dangerous Drug Abuse Act instead of being prosecuted under the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 100—1 *et seq.*). Under the Act, "probation" is not a sentence but is a method devised by the legislature for treating those who qualify for treatment. Under the Act, the word "probation" carries a different connotation than it does under the Unified Code of Corrections.

Under the Dangerous Drug Abuse Act, an addict charged with or convicted of a crime may elect to apply for treatment if he meets the eligibility standards set out in section 8 (Ill. Rev. Stat. 1977, ch. 91½, par. 120.8). In relevant part, this section states that "[a]n addict *charged with* or *convicted of* a crime is eligible to elect treatment under the supervision of the Department [of Mental Health] instead of *prosecution* or *probation,* as the case may be ***." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 91½, par. 120.8.) From the express wording of the statute, it is apparent that the legislature intended treatment under the Dangerous Drug Abuse Act to be an alternative to the normal ambit of prosecution or sentencing under the Unified Code of Corrections. Thus, if a person is charged with a crime but not convicted, he may elect treatment under the Act instead of prosecution under the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 100—1 *et seq.*). If he has been convicted, he may elect treatment under the Act in lieu of a sentence to probation under the Unified Code of Corrections. Section 9 of the Act sets forth the procedure if the person has been charged with a

crime but not convicted. (Ill. Rev. Stat. 1977, ch. 91½, par. 120.9.) Section 10 of the Act sets forth the procedure if the person who elects treatment has been convicted. Ill. Rev. Stat. 1977, ch. 91½, par. 120.10.

This court, on several occasions, has reviewed the Dangerous Drug Abuse Act and noted the differences between it and the Unified Code of Corrections. As this court stated in *People v. Phillips* (1977), 66 Ill. 2d 412, 416, "The Act provides an alternative to the usual criminal justice procedures; it allows a criminal defendant with a drug abuse problem to *avoid* the criminal justice machinery ***." The treatment under the Act, unlike a sentence, is not a consequence of defendant's guilt. It is instead an alternative to a criminal conviction and the regular sentencing alternatives available under the Unified Code of Corrections. (*People v. Warren* (1977), 69 Ill. 2d 620; *People v. Phillips* (1977), 66 Ill. 2d 412; *People v. McCoy* (1976), 63 Ill. 2d 40.) Also, section 2 of the Act indicates a strong legislative policy favoring the prevention of drug abuse and encouragement for the treatment and rehabilitation of drug addicts. (Ill. Rev. Stat. 1977, ch. 91½, par. 120.2.) It is apparent that the legislature felt that the treatment for drug abuse requires more medical and social treatment than can be provided under the present criminal justice system through a sentence of probation with conditions imposed concerning treatment of the drug problem.

Probation, as used in the Dangerous Drug Abuse Act, is merely descriptive of the status of the individual when and if he is accepted for treatment and is not used in the same context under the Unified Code of Corrections. Under the former provisions of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 117—1), probation was not a sentence but rather a suspension of sentence. (See *People v. Ward* (1975), 32 Ill. App. 3d 781; *People v. Gentry* (1972), 5 Ill. App. 3d 1088.)

However, under the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3(d)) it is specifically referred to as a sentence. (See *People v. Brown* (1975), 32 Ill. App. 3d 10; *People v. Meyer* (1975), 30 Ill. App. 3d 673.) Under the Dangerous Drug Abuse Act, probation is not considered a sentence. Under the language of the Act, one is not "sentenced" to probation as under the Unified Code of Corrections but rather "placed" on probation. (Ill. Rev. Stat. 1977, ch. 91½, par. 120.10.) This is similar to the term "admitted to probation" used in the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 117—1 *et seq.*), prior to the effective date of the Unified Code of Corrections. In reviewing the record we note that the trial court used form orders, designed for use under the Unified Code of Corrections, that indicate the defendant was sentenced to probation. However, due to the trial judge's clear intent to deal with the defendant under the Dangerous Drug Abuse Act, we will not permit the substance of the judge's orders to be controlled by the form.

We have held on previous occasions that the term "probation" may have different meanings in different statutes. In *People v. DuMontelle* (1978), 71 Ill. 2d 157, interpreting the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 710), we held that probation under that act did not amount to a sentence. In our case the trial court's exercise of discretion in admitting a defendant to probation and requiring treatment under the Dangerous Drug Abuse Act is a disposition imposed as a rehabilitative treatment rather than a criminal sanction. Thus, we hold that the provisions of the Unified Code of Corrections are not controlling in this case and should not be superimposed upon the provisions of the Dangerous Drug Abuse Act to prohibit a disposition of probation authorized under that act.

During oral argument the State argued in the alter-

native that Judge Teschner did not comply with the provisions of the Dangerous Drug Abuse Act. As this court has previously stated, the burden rests on the petitioner to show that he has a clear legal right to the writ. (*People ex ex rel. Latimer v. Board of Education* (1946), 394 Ill. 228.) The petitioner for *mandamus* must set forth every material fact necessary to show that he is entitled to the writ. (*Daniels v. Cavner* (1949), 404 Ill. 372; *People ex rel. Callahan v. Whealan* (1934), 356 Ill. 328; *People ex rel. City of Chicago v. Board of Review* (1927), 326 Ill. 124.) After carefully reviewing the Act and the facts in the record, there is no indication that the trial court did not comply with the Act.

Lastly, we are cognizant of the recently enacted Public Act 81—851 (approved and effective September 20, 1979) that amended section 10 of the Dangerous Drug Abuse Act to specify that a court may place a person on probation for treatment, as provided under the Act, "if such a sentence is consistent with Section 5—6—1(a) of the Unified Code of Corrections ***" (Ill. Rev. Stat. 1979, ch. 91½, par. 120.10). The effective date of September 20, 1979, of this amendment is subsequent to the date of sentencing of the defendant and is not applicable to this case.

For the reasons stated, we decline to issue the writ of *mandamus* directing Judge Teschner to vacate his dispositional order.

*Writ denied.*

MR. JUSTICE MORAN, dissenting:

The opinion has distorted the plain, unambiguous language of the statutory provisions by which this case should be resolved.

A reading of the applicable provisions of the Unified Code of Corrections and the Dangerous Drug Abuse Act is sufficient to reveal that the majority has reached a result opposite that intended by the legislature. Both the Code

and the Act plainly require that a person who, like defendant, has been convicted of a Class 2 felony on two previous occasions must be sentenced to a term of imprisonment and may not receive probation under the Code or treat- . ment under the Act.

Section 5—5—3(c) (2) of the Code (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3(c)(2), as amended by Public Act 80—1099, effective February 1, 1978) provides:

> "A period of probation, a term of periodic imprisonment or conditional discharge shall not be imposed for the following offenses. The court shall sentence the offender to not less than the minimum term of imprisonment set forth in this Code for the following offenses, and may order a fine or restitution or both in conjunction with such term of imprisonment:
>
> \* \* \*
>
> (G) A Class 2 or greater felony if the offender had been convicted of a Class 2 or greater felony within ten years of the date on which he committed the offense for which he is being sentenced." (1977 Ill. Laws 3298.)

The requirement is thus alternatively stated in the negative and in the positive, *i.e.,* the trial judge *may not* impose a period of probation and he *must* sentence the offender to a term of imprisonment.

Section 8 of the Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.8) provides, in part, as follows:

> "An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of the Department instead of prosecution or probation, as the case may be, unless \*\*\* (e) the addict is on probation or parole and the appropriate parole or probation authority does not consent to that election, or (f) the addict elected and was admitted to a treatment program on two prior occasions within any consecutive two year period."

The opinion has quoted part of section 8 without stating the limitation of its application, and has failed to acknowledge the clear and unmistakable import of the section: eligibility of a convicted defendant for treatment under the Act presupposes that he would *otherwise qualify*

*for probation under the Code.* The majority recognizes that the express terms of the Code prohibit a sentence of probation for defendant. Thus, under the Code, defendant could not have been sentenced to probation conditioned upon treatment for drug addiction (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—3(b)(4)), a disposition which this court has previously recognized as being similar to treatment under the Act *(People v. Phillips* (1977), 66 Ill. 2d 412, 416).

Today's decision has ignored the legislature's intent and authorized probation for defendant on the basis of its own semantic distinctions. The opinion declares that, under the Act, one is not "sentenced" to probation as under the Code but, rather is "placed" on probation. (81 Ill. 2d at 193.) It further attempts to distinguish "probation" under the Act from "probation" under the Code. *People v. DuMontelle* (1978), 71 Ill. 2d 157, is cited as an example of a situation in which the term "probation" was held to have different meanings in different statutes. In that case, the defendant pleaded guilty to the charge of possession of cannabis, in violation of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 704(c)). He was placed on probation, as provided under the statute, and was fined and assessed court costs, which were not authorized under the statute. In concluding that the defendant could not be required to pay the fine and the costs, this court held that the sentencing provisions of section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3) were not applicable to a person placed on probation under the Cannabis Control Act. Central to the court's holding was the fact that, under such enactment, probation was neither preceded nor accompanied by an adjudication of guilt. (71 Ill. 2d 157, 162.) Only if the offender failed to successfully complete probation was the court to adjudge him guilty and enter a judgment of conviction. *DuMontelle* is, there-

fore, readily distinguishable from the case at bar, in that, here, respondent did enter a judgment of guilt for the commission of an offense under the Criminal Code of 1961.

Treatment under section 10 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.10), following an entry of a judgment of conviction, is not a pronouncement of sentence as in other cases but is inextricably related to the provisions of the Code. The term "probation" is nowhere defined within the Act; it is, however, defined within the Code. There is no indication that the legislature intended the term to be construed in any manner that would differ from that definition or from that term's well-established and commonly understood meaning within the criminal justice system. The legislature's intended construction of the term is, in fact, further evidenced by its "overruling" of *DuMontelle* three months after that case was decided. Public Act 80—1202, approved and effective June 30, 1978, amending section 10 of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 710).

The opinion cites the recent amendment to section 10 of the Act. As stated by the majority, section 10 now provides that a court may place a person on probation for treatment "if such a sentence is consistent with Section 5—6—1(a) of the Unified Code of Corrections ***." (Pub. Act 81—851; Ill. Rev. Stat. 1979, ch. 91½, par. 120.10.) Section 5—6—1(a) of the Code, in turn, provides for a sentence of probation "[e]xcept where specifically prohibited by other provisions of this Code." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(a).) Included in such "other provisions," of course, is section 5—5—3(c)(2), quoted in part earlier, which expressly prohibits the imposition of a period of probation for a person with defendant's prior criminal record. Again, this amendment was necessitated, as was the earlier discussed amendment to the Cannabis

Control Act, because of the interpretation the appellate court had placed on the Act in *People v. Robinson* (1973), 12 Ill. App. 3d 291, 294, and in *People v. Clinkscale* (1973), 14 Ill. App. 3d 226, 230, which relied on *Robinson*. In those cases, the appellate court had held that a person need not show himself qualified for probation in order to be eligible for treatment under section 10 of the Dangerous Drug Abuse Act. Consistent with my opinion in this case, and for the same reasons, I believe that the appellate court erred in *Robinson* and *Clinkscale* by construing the Act in a way which was contrary to the legislature's intent. I am convinced, therefore, that the recent amendment to the Act was meant to make more explicit to this court the legislature's original intention and to correct the erroneous construction placed upon the Act by the appellate court.

The majority has overlooked what I consider to be a more important reason for allowing the writ of *mandamus* to issue in this case. In reaching this conclusion, additional facts need be stated. The record discloses that defendant had previously been placed on probation in Cook County on November 18, 1974, after being convicted for two counts of burglary, a Class 2 felony. Thereafter, on October 27, 1975, defendant entered a plea of guilty to burglary, this time in Du Page County. Approximately 20 months later, on June 9, 1977, he was sentenced on the latter conviction to two years' probation with the condition that he "receive treatment by the Dept. of Mental Health through Gateway House instanter." Defendant thereafter became a resident of the Gateway House, a home for the rehabilitation of drug addicts, for nine months in 1977-78, but left of his own volition and against staff advice. On July 18, 1978, defendant was again charged with the offense of burglary, this offense being the basis for the instant action. As a result of this charge, on August 4, 1978, defendant was found to be in violation of probation, and the court extended his probation for *three*

*years* with the condition that he "enroll in and successfully complete the Gateway program." Defendant was readmitted to the Gateway House on August 5, 1978, prior to his September 8, 1978, indictment for the July burglary.

While awaiting trial on that indictment, defense and prosecution counsel entered into plea discussions. As later disclosed by a defense motion to enforce an alleged plea agreement, the defendant claimed it had been agreed that he would be given a deferred prosecution under section 9 of the Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.9) and placed in the Gateway House. In answer to this motion, however, the State claimed it would admit only that defendant was a drug addict and it would not require expert testimony to establish this fact. The State reserved the right to oppose defendant being placed in the Gateway House because of the pending charge and because of defendant's past criminal record.

On November 2, 1978, defendant filed a petition to be treated as a drug addict under section 9. On November 30, a conference under Rule 402 (Pleas of Guilty) (73 Ill. 2d R. 402) was had, during which Judge Bowman, to whom the trial was assigned, stated:

> "Let me tell you this: I have reviewed the pre-plea report. And if the 402 conference is anything other than penitentiary time, I won't go along with it, but I will allow you to go to another Judge."

The defendant did not request another judge, and an order was therefore entered denying the petition and setting the case for trial.

On January 23, 1979, defendant moved for and was granted a substitution of judge. The case was then assigned to Judge John S. Teschner (respondent). On June 13, 1979, defendant filed another petition for treatment under section 9 of the Act. On June 18, 1979, the respondent proceeded with a hearing on the petition for treatment as a drug addict. When informed by the State that Judge

Bowman had already denied a like petition, the respondent mentioned that he was not an appellate court and was reluctant to overrule Judge Bowman's order denying deferred prosecution under section 9. The court did not rule on the petition but defense counsel, sensing the attitude of the court, then requested that trial proceed on the merits of the charge. He stated that defendant would stipulate to the facts alleged in the case and that the court could enter a finding as it saw fit. The court found defendant guilty of the offense of burglary and entered judgment thereon.

A sentencing hearing commenced immediately. The hearing was conducted under section 10 of the Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.10), although no petition for such relief had been filed. The court heard testimony of a witness from the Gateway House and the testimony of the defendant. The State, in rebuttal, insisted that, based upon the defendant's past record, he should be sentenced to the penitentiary. Respondent concluded the hearing by placing defendant on 36 months' probation with the condition that he successfully complete the Gateway House program. Thereafter, the State filed a motion to resentence the defendant on the grounds that the sentence imposed was precluded by statute and the defendant should be resentenced as provided under section 5—5—3 of the Code (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3). Respondent denied the motion.

Section 8 of the Act, quoted above, limits those persons eligible for treatment. One limiting condition is that a petitioner on probation must obtain the consent of his probation officer. Another condition is that the petitioner must not have been admitted to the program on two prior occasions within any consecutive two-year period. The defendant herein fails to qualify under either section 8(e) or 8(f). As can be seen from the facts, at the time of the instant sentencing, defendant was still serving a three-year probation period which had commenced August 4, 1978,

yet the record reveals no consent having been given by defendant's probation officer as required by section 8(e). (See *People v. Phillips* (1977), 66 Ill. 2d 412, 416.) Further, defendant had elected and was admitted to the treatment program on June 9, 1977, and, again, on August 4, 1978, thereby rendering him ineligible, under section 8(f), to elect further treatment under the Act.

For these reasons, I would issue the writ of *mandamus,* directing the respondent to vacate all findings and orders entered on June 18, 1979. In fairness, I would also direct respondent to allow defendant to plead anew to the indictment filed September 8, 1978, which charged him with the offense of burglary.

MR. JUSTICE UNDERWOOD joins in this dissent.