THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*
GEORGE BENEDETTO, Defendant-Appellant.

Second District    No. 80-874

Opinion filed November 24, 1981.

Terry Fawell, of Oakbrook, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

The defendant, George Benedetto, was charged by information with the offenses of burglary (Ill. Rev. Stat. 1977, ch. 38, par. 19—1(a)), possession of burglary tools (Ill. Rev. Stat. 1977, ch. 38, par. 19—2), and theft over $150 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)) as a result of an incident occurring on December 18, 1978. He pleaded guilty to the burglary charge and was sentenced to a three-year term of imprisonment for that offense. The State *nolle prossed* the remaining counts. The court also denied the defendant's petition to be treated as a drug addict under the provisions of the Dangerous Drug Abuse Act (Act) (Ill. Rev. Stat. 1977, ch. 91½, par. 120.1 *et seq.*).

The defendant appeals and presents four issues for review: (1) whether the trial court abused its discretion in refusing to grant his motion to withdraw his guilty plea; (2) whether the court failed to exercise any discretion or abused its discretion in determining that the defendant was not an addict; (3) whether the trial court erred in its interpretation of section 5—5—3(c)(2)(G) of the Unified Code of Corrections (Code) (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(c)(2)(G)) as it relates to sections 9 and 10 of the Act (Ill. Rev. Stat. 1977, ch. 91½, pars. 120.9, 120.10), and whether the defendant was entitled to elect to proceed under the law as construed by *People v. Teschner* (1980), 81 Ill. 2d 187, 407 N.E.2d 49, or the law as revised by Public Act 81-851, effective September 20, 1979; and (4) whether the trial court properly concluded that section 5—5—3(c)(2)(G) precluded the defendant from receiving a sentence of probation.

On July 12, 1979, the defendant informed the court that he wished to withdraw his prior plea of not guilty to the charges in question and enter a plea of guilty to the charge of burglary in return for the State's agreeing to *nolle pros* the remaining charges.[1] After the court began to admonish the defendant, pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402), of his rights and the maximum and minimum sentences for burglary, a Class 2 felony, the State informed the court that the defendant would not be eligible for a sentence of probation under the provisions of section 5—5—3(c)(2)(G) because he had a prior conviction of a Class 2 felony (burglary) within 10 years of the commission of the present burglary offense. The court then advised the defendant that he

---

[1] While the record furnished us reveals only the dismissal of count II, it appears the intent was to dismiss all remaining counts.

was ineligible for probation for the reason the State had advanced. After a recess to allow the defendant to consider his plea and discuss the matter with his counsel and prior to the completion of the plea, the court continued the proceeding for one day to allow defendant to prepare and file a petition to be treated as a drug addict under the Act.

On the following day, July 13, the defendant filed his petition for treatment as an addict in which he alleged that he was an addict and none of the conditions set forth in section 8 of the Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.8) precluding eligibility for such treatment applied to him. He requested that the court determine whether he qualified for treatment under the Act before he entered a plea. The court denied this request stating that the defendant had been scheduled for trial the previous Monday, the court continued the matter having been told there would be a plea, and that the defendant should have submitted his petition at an earlier date. Accordingly, the court indicated that it would rule on the petition either after the defendant pleaded guilty or after trial. The court then completed the admonishments under Supreme Court Rule 402 which it had commenced the day before. The defendant admitted that there was no agreement regarding the nature of the sentence on the burglary charge, that the only plea arrangement was that the State would *nolle pros* the remaining charges, and that no one had promised him what the disposition would be regarding his petition to be treated as an addict. Defendant persisted in his plea of guilty. The court then accepted the plea and found the defendant guilty after determining that a sufficient factual basis existed for the burglary charge. The matter was set for a presentence report and a hearing on the petition for treatment as an addict.

In establishing the factual basis for the defendant's guilty plea, the prosecutor stated that the State's witnesses would testify that the Naperville police department responded to a call which reported the sound of breaking glass in the vicinity of Washington and Jefferson Streets in Naperville, that the police discovered a broken window in the Naperville Pharmacy, which was owned by Daryl Jelinek, and upon entering the establishment found the defendant hiding behind the pharmacy's drug counter. The defendant held a laundry bag containing a Polaroid camera and 117 bottles of various drugs, all of which merchandise was owned by Jelinek, who had not given the defendant permission to enter the building or to remove any merchandise from it. Both the defendant and his attorney agreed that the State's witnesses would so testify if they appeared.

On January 25, 1980, the matter came before the court for a hearing on the defendant's petition for treatment as an addict. The State argued that, since the defendant was ineligible for probation under section 5—5—3(c)(2)(G) of the Code, he was similarly ineligible for treatment

under section 10 of the Act. The defendant maintained that he need not first be qualified for probation to be eligible for drug addiction treatment under the Act and, further, that probation as defined and used in the Code carries a different connotation than it does under the Act. After a conference in chambers, the defendant orally asked leave to withdraw his guilty plea, and the State objected. Without ruling thereon, the court then allowed the defendant to introduce testimony as an offer of proof relating to his alleged addiction and his eligibility for treatment under the Act.

George Stovilkovic, an employee of T.A.S.C. (Treatment Alternatives to Street Crime), stated that another employee of his organization, Mr. Edinburg, had examined the defendant on October 23, 1979, and had determined that he was eligible for treatment as a drug addict. He related that he too spoke with the defendant and did not observe any physical signs of addiction, although the defendant did know a lot about drugs and told him that he was presently taking codeine. While he was inclined to believe that the defendant was a drug addict in need of rehabilitation, Stovilkovic was unable to determine positively that the defendant was a drug addict in light of the absence of physical signs of addiction and without having conducted a urinalysis.

The defendant testified that he is married and has been gainfully employed as a carpenter with various construction companies on a continuous basis from about June 1975, when he left college, until the present time. He stated that he used heroin for a six-month period in 1975 and that he attempted to treat his addiction through Dr. Schurz' methadone maintenance program which he attended three times a week from May 1975 to November 1977. He also revealed that he has used cannabis within the last two years, that he has been taking codeine and valium for the past year and one-half to help him sleep, and that he takes 120 milligrams of codeine daily. He has not taken any drugs other than marijuana, valium and codeine within the last two years and is not currently under a doctor's care for any type of physical malady. He stated that he "could be addicted" to codeine. The defendant also admitted that he is currently on probation in Cook County for driving with a revoked license, possession of a controlled substance, and burglary. He further remarked that he was discharged from the United States Army in 1978 for reasons unrelated to the use of drugs and that the physical examination he underwent upon separation from the service revealed no medical problems of a physical nature. In addition, the defendant said that he was taking a barbituate, tuinal, on the day of the burglary at issue and his use of this drug "enticed" him to commit that crime.

Jose Hildago, the defendant's probation officer in Cook County, related that during one of his meetings with the defendant he noticed that

Benedetto appeared to be under the influence of a drug due to a redness in his eyes and his nervous condition. During that meeting, the defendant denied he was using heroin but stated that he was on drugs. Hildago testified he did not object to defendant's election for treatment under the Act. (See *People v. Phillips* (1977), 66 Ill. 2d 412, 362 N.E.2d 1037.) After argument by both parties, the court ruled that the above evidence was insufficient to prove that the defendant was a drug addict. The court stated that it was inclined to allow the defendant to withdraw his guilty plea, and, after the State objected, the matter was continued for a hearing to allow the defendant to file a written motion to withdraw his plea.

In a written order entered on March 27, 1980, the court determined that the defendant was ineligible for treatment under either section 9 or section 10 of the Act in light of section 5—5—3(c)(2)(G) of the Code because he had been convicted of a prior burglary, a Class 2 felony, on September 25, 1978, in the circuit court of Cook County, Illinois, in case No. 78-I-20236. The court also found that, after having heard testimony of the witnesses regarding the question of the defendant's alleged addiction, the evidence was insufficient to establish the defendant's addiction.

On March 27, the defendant also asked the court for leave to withdraw the motion which he had filed on February 19, 1980, in which he sought to withdraw his guilty plea. The motion of February 19 to withdraw his guilty plea pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1979, ch. 110A, par. 604(d)) stated, in effect, that the defendant, upon the advice of counsel, entered his plea of guilty on the assumption that his prior Class 2 felony conviction would not preclude him from electing treatment under the Act if he were otherwise determined to be eligible for treatment as a drug addict. The defendant's affidavit, which was attached to the motion to withdraw, states, in consonance with the motion, that he entered his guilty plea upon the advice of counsel that the court could exercise its discretion to permit him to be treated as a drug addict even though he had a prior Class 2 felony conviction and that he would never have entered a plea of guilty to the offense of burglary if he had known that the court would be precluded from exercising its discretion to treat him as an addict solely on the basis that he had a prior Class 2 felony conviction. The court interpreted the defendant's motion for leave to withdraw his motion to withdraw his guilty plea as a request to reinstate or affirm his guilty plea. Accordingly, the court again gave the defendant the Rule 402 admonishments: advised him of the possible consequences of his plea; stated the maximum and minimum sentences available, expressly informing the defendant in this regard that, as a result of his prior burglary conviction, he was not eligible for probation under the Act and, further, that the least sentence he could expect to receive was

a three-year term; and that a sufficient factual basis existed for the burglary charge. The defendant persisted in his plea of guilty, after acknowledging that the minimum sentence that could be imposed upon him was three years imprisonment. The court granted the defendant leave to withdraw his previously filed motion to withdraw his plea, again accepted the defendant's guilty plea, entered a judgment of conviction against him, and ordered an updated presentence report.

On August 7, 1980, the defendant requested leave to resubmit his previous motion to withdraw his plea of guilty, and the court granted the request. At that point, defense counsel stated that he had nothing further to say regarding the motion to withdraw his client's plea. The State remarked that the court had previously informed the defendant that it could not admit him to probation due to his prior Class 2 felony conviction and, consequently, that the defendant was not eligible for drug abuse treatment under the Act, and also that the defendant had persisted in his plea despite his awareness of the above. The court and counsel for both parties then discussed the effect of the recent case of *People v. Teschner* (1980), 81 Ill. 2d 187, 407 N.E.2d 49, which was handed down during the course of proceedings below. The trial court recognized that *People v. Teschner* held that a defendant is not precluded from being placed in a drug rehabilitation program pursuant to the Act, even though he is incapable of being admitted to probation under section 5— 5—3(c)(2)(G) of the Code upon his conviction of a Class 2 felony or greater, where he had been convicted of a Class 2 felony or greater within the previous 10 years. The court below reasoned that even though it had earlier determined, without the benefit of *Teschner* and contrary to the supreme court's pronouncement therein, that the defendant could not be admitted to a drug rehabilitation program under the Act due to his prior Class 2 felony conviction, the court felt that the defendant here was nevertheless precluded from electing treatment under the Act in spite of *Teschner*, because the court had previously determined that the defendant was not an addict and hence was not eligible for treatment as such under the Act. Accordingly, the court denied the defendant's motion to withdraw his guilty plea and on August 7, 1980, sentenced him to a three-year prison term on the burglary charge, the minimum term of imprisonment that could be imposed.

On August 29, 1980, the defendant filed a motion for modification of his sentence. At a hearing on October 24, 1980, defendant presented the testimony of Anthony Oliveri, a diagnostic specialist for T.A.S.C. Oliveri testified that he took six urine specimens from the defendant over a two-week period in October 1980, which procedure revealed positive results for morphine and codeine. The defendant came to the T.A.S.C. office at

prescheduled times and provided the urine samples on those dates. The State stipulated that the urine specimens showed the presence of codeine and morphine substances. Prior to receiving the results of the urinalysis tests and from his own observation of the defendant and his own experiences as a drug counselor and former drug user, Oliveri concluded that the defendant exhibited no visible signs of drug addiction. However, Oliveri stated that the physical manifestations he would look for are those present when one is experiencing withdrawal. The court was not persuaded that the results of the urine tests alone were sufficient evidence of addiction to cause it to modify or change its previous ruling that the defendant was not a drug addict. In reaching this result, the court stated that the defendant would have "a strong motivation to take some steps to make such a positive showing" in the urine samples. Consequently, the court denied the motion for modification of the sentence.

The defendant first contends on appeal that the court abused its discretion in refusing to grant his motion to withdraw his guilty plea, which plea, he asserts, was based on a misapprehension of law. In this regard, the defendant maintains that he entered his plea of guilty upon the advice of counsel that his prior Class 2 felony conviction of burglary would not preclude him from electing treatment under the Act if he were otherwise determined to be eligible for treatment as a drug addict and that he would not have entered his plea if he had been aware that the court would be precluded from exercising its discretion to treat him as a drug addict on the sole basis that he had a prior Class 2 felony conviction.

■■■ The general rule is that it is within the sound discretion of the trial court to determine whether a plea of guilty, once entered, may be withdrawn. (*People v. Hale* (1980), 82 Ill. 2d 172, 411 N.E.2d 867.) The court's determination in the exercise of its discretion will not be disturbed unless the facts demonstrate that the plea of guilty was entered under a misapprehension of law or fact, that the defendant has a defense worthy of consideration, or that there is a doubt of the guilt of the accused and the ends of justice would better be served by a trial. (*People v. Spicer* (1970), 47 Ill. 2d 114, 116, 264 N.E.2d 181; *People v. Worley* (1966), 35 Ill. 2d 574, 576, 221 N.E.2d 267, *cert. denied* (1967), 386 U.S. 972, 18 L. Ed. 2d 130, 87 S. Ct. 1163.) The withdrawal of the guilty plea should be allowed where it appears the plea was entered as a consequence of a misrepresentation by counsel, the State's Attorney, or someone else in authority. *People v. McKirdie* (1970), 45 Ill. 2d 300, 302, 259 N.E.2d 16, *cert. denied* (1971), 400 U.S. 1010, 27 L. Ed. 2d 624, 91 S. Ct. 571, citing *People v. Morreale* (1952), 412 Ill. 528, 531, 107 N.E.2d 721; *People v. Ryan* (1979), 74 Ill. App. 3d 886, 890, 392 N.E.2d 1380.

It is necessary first to discuss the interplay between sections 9 and 10

of the Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.9, 120.10) and section 5—5—3(c)(2)(G)[2] of the Code (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3(c)(2)(G)) in light of both *People v. Teschner* (1980), 81 Ill. 2d 187, 407 N.E.2d 49, and Public Act 81-851. In brief, if a person is charged with a crime but not convicted, he may elect treatment under the Act, if eligible for such treatment, instead of prosecution under the Code of Criminal Procedure of 1963. If he has been convicted, he may elect treatment and probation under the Act in lieu of a sentence under the Unified Code of Corrections. Section 9 of the Act sets forth the procedure if the person has been charged with a crime but not convicted, whereas section 10 articulates the procedure which applies where the person electing treatment has been convicted. (*People v. Teschner* (1980), 81 Ill. 2d 187, 191-92.) The precise question presented in *Teschner* was whether a defendant who had been convicted of a prior Class 2 felony within 10 years of the date on which he committed the present Class 2 felony was precluded from being placed in a drug rehabilitation program under section 10 of the Act upon conviction of the second Class 2 felony. Our supreme court in *Teschner* determined that, notwithstanding an accused's ineligibility for probation or conditional discharge under section 5—5—3(c)(2)(G), a defendant could still be eligible for treatment as a drug addict under the Act if he met the threshold requirements set forth in section 8 of the Act (Ill. Rev. Stat. 1977, ch. 91½, par. 120.8). The court concluded that the provisions of the Code should not be superimposed upon the provisions of the Act so as to prohibit a disposition of probation authorized under that Act. 81 Ill. 2d 187, 193, 407 N.E.2d 49; *People v. Andrews* (1981), 95 Ill. App. 3d 595, 600, 420 N.E.2d 509.

Public Act 81-851, effective September 20, 1979, amended sections 9 and 10 of the Act to provide that alternative treatment for drug abuse under those sections must be consistent with section 5—6—1(a) of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(a)). The 1977 version of the Act contained no express reference to section 5—6—1(a). Section 5—6—1(a) of the Code, in turn, provides for a sentence of probation or conditional discharge "[e]xcept where specifically prohibited by other provisions of this Code." One such provision is section 5—5—3(c)(2)(G), which states that a period of probation or a term of conditional discharge shall not be imposed for a Class 2 felony if the accused has been convicted of a Class 2 or greater felony within 10 years of committing the present offense. Thus, it is apparent that the probation and conditional discharge

---

[2] Section 5—5—3 was amended during the course of the proceedings below; prior subsection (c)(2)(G) is now found in section 5—5—3(c)(2)(F) of the present Code (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3(c)(2)(F)).

eligibility requirements of the Code have now been superimposed upon sections 9 and 10 of the Act by the legislature. See *People v. Andrews* (1981), 95 Ill. App. 3d 595, 420 N.E.2d 509.

Returning to the defendant's contention that the court improperly denied his motion to withdraw his guilty plea, he does not contend, and the record expressly negates, that his counsel or the State's Attorney promised him that he would be eligible for treatment as an addict under the Act. The defendant's motion to withdraw and his attached affidavit reveal only that his counsel informed him that his prior Class 2 felony conviction of burglary would not preclude the court from placing him in a drug rehabilitation program if he otherwise qualified and the court exercised its discretion to place him in such a treatment program. It is apparent that the defendant was not laboring under either a misapprehension of law or a misrepresentation by counsel when he entered his guilty plea, for, as the *Teschner* case indicates, section 5—5—3(c)(2)(G) was not to be superimposed upon the provisions of the Act in existence prior to September 20, 1979. Thus counsel accurately represented to his client the law as it existed at the time the original guilty plea was entered on July 12 and 13, 1979. Furthermore, although the trial court originally based its determination to deny the defendant admittance to the treatment afforded under the Act on the ground that section 5—5—3(c)(2)(G) precluded him from being eligible for probation and hence he was ineligible for treatment under section 10, the court also stated on August 7, 1980, that it was aware that it had misinterpreted the above statutory provisions in light of *Teschner* and, further, that it was resting its ultimate decision to deny the defendant's petition for treatment as a drug addict on the basis that he was not, in fact, an addict.

We note, in addition, that when the defendant reaffirmed his guilty plea on March 27, 1980, he and his counsel were well aware that the trial court had stated that the accused was not eligible for treatment under the Act due to his prior Class 2 felony conviction and found that he was not an addict. Yet the defendant persisted in his plea. While it is apparent that once Public Act 81-851 became effective, the defendant was no longer eligible for treatment under section 10 of the Act given his prior Class 2 felony conviction and that this result is contrary to the representation that counsel made to the defendant prior to the entry of his original guilty plea, it must be noted that the defendant could still elect the law under which he preferred to be sentenced. (*People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710.) Thus, there is still no misapprehension of law or misrepresentation by counsel because the defendant could have elected to be sentenced under the law as construed under *Teschner*, which would allow him to elect treatment under the Act notwithstanding his prior conviction, if the court had determined that he was an addict.

Thus, we conclude, that defendant did not reaffirm his plea of guilty

because of the court's mistake as to the applicable law but, rather, he persisted in pleading guilty in spite of the court's statement that he was not eligible for treatment under the Act. An even more compelling reason for rejecting defendant's claim is that the defendant, in reaffirming his plea of guilty on March 27, 1980, was aware that the trial court had also specifically found that there was insufficient evidence to establish his addiction. Thus, when he reaffirmed his plea of guilty, he did so with the knowledge that the court had determined he was not an addict, and any mistake of law became immaterial in view of this finding.

The defendant also asserts that he was entitled to a hearing on his motion to withdraw his guilty plea. However, when the defendant asked the court for leave to resubmit his motion on August 7, 1980, defense counsel stated at that time that he had nothing further to say regarding the motion to withdraw his client's plea and that he just wanted the court to consider it. In light of this waiver, the defendant cannot now complain that he was not afforded an evidentiary hearing. Furthermore, it does not appear that the factual allegations contained in the motion and accompanying affidavit demonstrated a need for an evidentiary hearing. Accordingly, we find that the trial court did not abuse its discretion when it denied defendant's motion to withdraw his plea of guilty.

■■ The defendant's second contention is that the trial court failed to exercise any discretion or abused its discretion in concluding that he was not a drug addict and hence was not eligible for treatment under the Act. When sufficient facts are brought to the attention of the court which show that there is reason to believe that the defendant is an addict, or the defendant has stated he is an addict, the court must first exercise its discretion and consider alternative treatment under the Act. (*People v. Andrews* (1981), 95 Ill. App. 3d 595, 599, 420 N.E.2d 509; *People v. Miller* (1976), 43 Ill. App. 3d 290, 292, 356 N.E.2d 1345; *People v. Melson* (1976), 36 Ill. App. 3d 71, 73, 343 N.E.2d 258.) Thus, where the record does not reflect that the court ever considered whether the defendant was an addict or the appropriateness of allowing the accused to choose treatment under the Act, the cause will be remanded for a new sentencing hearing. *People v. Andrews* (1981), 95 Ill. App. 3d 595, 600; *People v. Melson* (1976), 36 Ill. App. 3d 71, 74.

It is clear in the present case that the trial court exercised its discretion and considered treatment under the Act instead of imprisonment. While initially the court believed defendant ineligible for treatment under the Act, it did allow an offer of proof by defendant of his addiction and did consider that evidence when it ultimately determined that *People v. Teschner* held that ineligibility under section 5—5—3(c)(2)(G) of the Uniform Code of Corrections did not bar his eligibility for treatment as an addict under the Act. The record reflects that the court considered the testimony presented by the defendant which attempted to establish that

he was a drug addict in need of treatment. Furthermore, the court expressly stated on the record that it was denying the defendant's petition for treatment under the Act for the reason that the defendant had not demonstrated, to the satisfaction of the court, that he was a drug addict, a finding which precludes the defendant from eligibility under the Act. Thus, this statement itself is sufficient evidence that the court exercised its discretion.

With respect to the second question, whether the trial court abused its discretion or acted arbitrarily in determining that the defendant was not entitled to treatment under the Act, we conclude that the court acted within its sound discretion.

■■ Section 3.03 of the Act defines an addict as "any person who habitually uses any drug, chemical, substance or dangerous drug other than alcohol so as to endanger the public morals, health, safety or welfare or who is so far addicted to the use of a dangerous drug or controlled substance other than alcohol as to have lost the power of self control with reference to his addiction." (Ill. Rev. Stat. 1979, ch. 91½, par. 120.3—3.) The question whether a defendant has presented sufficient evidence to the court to establish that he is an "addict" within the meaning of the statutory definition must be resolved on the basis of the facts presented in each particular case. (See *People v. Miller* (1976), 43 Ill. App. 3d 290, 292, 356 N.E.2d 1345.) The grant or denial of treatment under the Act is controlled by the sound discretion of the trial court. (*People v. Warren* (1977), 69 Ill. 2d 620, 625, 373 N.E.2d 10; *People v. Morguez* (1980), 90 Ill. App. 3d 471, 478, 413 N.E.2d 128.) A reviewing court must defer to the trial court's superior ability to weigh credibility and evaluate the record made at the hearing in aggravation and mitigation unless the trial court's determination is clearly erroneous. *People v. Fox* (1979), 69 Ill. App. 3d 11, 13, 386 N.E.2d 1138.

Defendant cites several cases in support of his contention that the court either failed to exercise its discretion or abused that discretion. Defendant's reliance on *People v. Dill* (1974), 23 Ill. App. 3d 503, 319 N.E.2d 240, and *People v. Robinson* (1973), 12 Ill. App. 3d 291, 297 N.E.2d 621, is misplaced, since both of those cases were reversed and remanded as the trial court had reason to believe the defendant was an addict and failed to exercise its discretion initially to implement the provisions of the Act. As stated above, the trial court in the instant case specifically found the defendant not to be an addict after a hearing. In *People v. Clinkscale* (1973), 14 Ill. App. 3d 226, 302 N.E.2d 181, another case relied upon by the defendant, the trial court's decision to refuse probation and sentence defendant to the penitentiary was reversed and remanded for failure to consider the alternative treatment under the Act. It appears that in *Clinkscale* the trial judge felt defendant was requesting another term of probation rather than treatment under the Act. Thus, that case factually is

inapposite to the situation at bar. In the present case, although the defendant's testimony indicates that he used drugs in the past and was currently taking codeine on a daily basis and valium occasionally, neither of the drug counselors from T.A.S.C. who testified on behalf of the defendant positively stated that, in their opinion, the defendant was a drug addict. Rather, they both remarked that the defendant did not exhibit physical signs of drug addiction during their conversations or interviews with him. The defendant's probation officer, however, testified that on one occasion the defendant appeared to be under the influence of a drug. The defendant himself stated that he had been gainfully employed on a continuous basis for the past 4½ years, that he is not currently under a doctor's care for any type of physical disorder, and that he was not discharged from the military in 1978 for drug-related reasons. The updated presentence report of May 8, 1980, relates that the defendant stated he no longer was taking valium, that he had decreased his use of codeine, that he was weaning himself from the drug, and that he felt "a lot sharper now." In addition, this report contains the defendant's assertion that he committed the burglary in question because he was under the influence of a "drug related craz [sic] disease" that grew beyond his control and compelled him "to act abnormally undisciplined," while the original presentence report of October 26, 1979, states that the defendant committed the burglary because he was drugged and felt no self-discipline.

Based on the record in this case, we cannot say that the court abused its discretion in determining that the defendant was not an addict within the meaning of section 3.03 of the Act. Even if the court below were satisfied that the defendant is an habitual user of dangerous drugs, the trial court nevertheless could have reasonably concluded, based on the same evidence, that his drug use did not pose a danger to the public health, safety, morals, or welfare and that he had not lost the power of self-control over his habit. The defendant testified only that he "supposed" he was an addict, although his petition to be treated as an addict does allege that he was a drug addict. His failure to testify affirmatively that he was an addict is a factor which also weighs in favor of the propriety of the trial court's factual determination in the present case. (See *People v. Knowles* (1977), 48 Ill. App. 3d 296, 300, 362 N.E.2d 1087.) The results of the urinalysis tests introduced at the hearing on the motion for modification of sentence was not a sufficient basis for the court to reject its earlier conclusion that the defendant was not an addict. The court was of the view that the defendant had a strong motivation to take certain drugs close to the time he gave the urine samples in an effort to present evidence of his addiction to the substances. We conclude that the trial court did not abuse its discretion when it determined that the defendant was not an addict. While it appears to be a close question, the

trial court is in a superior position to weigh credibility and evaluate the evidence.

The defendant's third assignment of error is that the trial court erroneously concluded on March 27, 1980, that he was ineligible for treatment under either section 9 or 10 of the Act and that, even if the trial court was correct, he was entitled to elect to choose to proceed under either the law as construed by the court in *Teschner* or under the law as revised by Public Act 81-851.

This issue, however, is resolved on another basis. The court's finding that the defendant was not a drug addict precludes his eligibility for treatment under the Act. (See *People v. Morguez* (1980), 90 Ill. App. 3d 471, 479, 413 N.E.2d 128.) As stated previously, the trial court ultimately based its decision to sentence the defendant to a term of imprisonment, rather than affording him treatment under the Act, on the fact that he was not a drug addict and not on the basis that he was precluded from such treatment due to his prior Class 2 felony conviction.

■■ The trial court stated on August 7, 1980, that it had earlier misinterpreted the interplay of section 5—5—3(c)(2)(G) of the Code and sections 9 and 10 of the Act in light of the supreme court's decision in *Teschner*. However, it is apparent that on March 27, 1980, when the court concluded, contrary to *Teschner*, that the defendant was not entitled to elect treatment under the Act due to his prior Class 2 felony conviction, the court was accurately stating the law as it then applied to the defendant because Public Act 81-851, effective September 20, 1979, changed the result reached in *Teschner*. While the above amendment was subsequent to the date of sentencing in *Teschner* and hence inapplicable there (81 Ill. 2d 187, 194, 407 N.E.2d 49), here it occurred after the defendant had filed his petition for treatment as a drug addict but before he was sentenced on August 7, 1980. Thus sections 9 and 10 of the Act, as amended by Public Act 81-851, are applicable to this defendant. However, the defendant correctly points out that he may elect to be sentenced under either the law in effect at the time the offense was committed or the law in effect at the time of sentencing. (*People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710.) Thus, the defendant was entitled to elect between the law as construed and applied in *Teschner* or the law as amended by Public Act 81-851. (*People v. Andrews* (1981), 95 Ill. App. 3d 595, 600, 420 N.E.2d 509.) Nevertheless, the entitlement to make this election in the present case does not change the result reached below, for, under either law, the defendant was not eligible for treatment as an addict due to the trial court's finding that he was not a drug addict.

The defendant finally asserts that the court erred in sentencing him to the minimum term of three years imprisonment rather than probation because the court based its sentencing determination on the fact that he

had been convicted of a prior Class 2 felony (burglary) without requiring the State to allege and prove the prior conviction. In this regard, he relies on *People v. Ostrand* (1966), 35 Ill. 2d 520, 221 N.E.2d 499, *overruled in part on other grounds by People v. Bracey* (1972), 51 Ill. 2d 514, 283 N.E.2d 685; *People v. Breitweiser* (1976), 44 Ill. App. 3d 284, 357 N.E.2d 890, and *People v. Hayes* (1973), 15 Ill. App. 3d 851, 305 N.E.2d 283.) Those cases hold, in effect, that, under enhanced penalty statutes which elevate the charge from one crime to another or raise the penalty range to be applied to a second offense, the State must plead and prove a prior conviction at trial because the prior conviction is actually an element of the crime charged. (See *People v. April* (1979), 73 Ill. App. 3d 555, 392 N.E.2d 400.) These cases are clearly distinguishable, however, from the present situation, for section 5—5—3(c)(2)(G) (now section 5—5—3(c)(2)(F)) does not change the class of the offense or raise the penalty range. Rather, here the court must impose at least the minimum sentence set forth in the Code for the subsequent offense of burglary (three years) and is precluded from sentencing the repeat offender to a period of probation. Also, it is obvious that the prior Class 2 felony conviction does not constitute an element of the crime presently charged but, rather, is considered in relation to sentencing only. (See *People v. Grier* (1980), 90 Ill. App. 3d 840, 855, 413 N.E.2d 1316; *People v. Harris* (1980), 83 Ill. App. 3d 1123, 1127, 1129, 404 N.E.2d 1020.) More analogous are those decisions holding that, because the aggravating factors to be considered in imposing an extended term are not necessary elements of any crime and relate only to sentencing, no pleading or proof of a prior conviction is necessary at trial. *People v. Grier*; *People v. Harris*; *People v. Butler* (1979), 78 Ill. App. 3d 809, 812-14, 396 N.E.2d 1374.

■■ It is a settled rule of law that the legislature has the authority to set the nature and extent of penalties. Courts will not interfere with such legislation unless the challenged penalty is clearly in excess of the very broad and general constitutional limitations applicable. (*People ex rel. Carey v. Bentivenga* (1981), 83 Ill. 2d 537, 542, 416 N.E.2d 259.) Statutes prohibiting probation for a previously convicted offender have been held to be constitutional. (*People ex rel. Carey v. Bentivenga*; *People ex rel. Hanrahan v. Wilson* (1971), 48 Ill. 2d 30, 268 N.E.2d 23.) We conclude that this defendant was properly charged and sentenced.

For the reasons set forth above, the judgment of the trial court is affirmed.

Affirmed.

NASH and LINDBERG, JJ., concur.