THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JUSTOVIA CAIN, Defendant-Appellant.

First District (5th Division)    No. 81-706

Opinion filed May 7, 1982.

Ralph Ruebner, Steven Clark, and Scott Graham, all of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Casimir J. Bartnik, and Randall E. Roberts, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MEJDA delivered the opinion of the court:

This appeal raises the issue whether a defendant who is ineligible for probation under the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1979, ch. 38, par. 1001—1—1 *et seq.*) is nonetheless eligible to be placed on supervision and to receive treatment under the Dangerous

Drug Abuse Act (the Act) (Ill. Rev. Stat. 1979, ch. 91½, par. 120.1 *et seq.*) as an alternative to imprisonment.

Defendant Justovia Cain was found guilty of having committed a robbery which occurred on September 13, 1980. At the sentencing hearing on February 18, 1981, defendant requested that the court allow him to elect treatment for his drug abuse problem instead of sentencing him to a prison term. The trial court denied defendant's request finding that, because defendant was ineligible for probation under the Unified Code of Corrections due to having been convicted of another Class 2 felony within 10 years[1] (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3(c)(2)(F)), he was therefore ineligible for treatment under the Dangerous Drug Abuse Act.

Defendant argues in reliance on *People v. Teschner* (1980), 81 Ill. 2d 187, 407 N.E.2d 49, that the provisions of the Unified Code of Corrections are not controlling and should not be superimposed on the provisions of the Dangerous Drug Abuse Act. However, *Teschner* was limited to an interpretation of the Act prior to the amendment of section 10 which was effective on September 20, 1979.

At the time defendant committed the offense in the instant case, section 10 of the Dangerous Drug Abuse Act provided in pertinent part:

> "If the court * * * determines * * * that supervision of the Department for treatment is inconsistent with Section 5—6—1(a), the court shall proceed to pronounce sentence as in other cases." (Ill. Rev. Stat. 1979, ch. 91½, par. 120.10.)

Section 10 of the Act was amended again between the time the offense was committed and the date of the sentencing hearing. The relevant part of that amendment, effective September 26, 1980, states:

> "If the court * * * determines * * * that supervision of the licensed program designated by the Commission for treatment is inconsistent with Section 5—6—1(a), the court shall proceed to pronounce sentence as in other cases." (Ill. Rev. Stat., 1980 Supp., ch. 91½, par. 120.10.)

Both versions of the statute, however, mandate that treatment under the Dangerous Drug Abuse Act be consistent with section 5—6—1(a) of the Code.[2]

Section 5—6—1(a) of the Unified Code of Corrections authorizes the trial court to impose a sentence of probation upon an offender except where specifically prohibited by other provisions of the Code. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(a).) Section 5—5—3(c)(2)(F) of the Code in turn prohibits the imposition of a period of probation upon conviction of:

---

[1] Defendant was convicted of burglary in 1979. Ill. Rev. Stat. 1979, ch. 38, par. 19—1.

[2] Section 10 of the Dangerous Drug Abuse Act was further amended by Pub. Act 82-519, effective January 1, 1982. That amendment, which is not relevant to the case at bar, deleted the reference to section 5—6—1(a) of the Code.

"A Class 2 or greater felony if the offender had been convicted of a Class 2 or greater felony within ten years of the date on which he committed the offense for which he is being sentenced." Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3(c)(2)(F).

In *People v. Andrews* (1981), 95 Ill. App. 3d 595, 420 N.E.2d 509, this court addressed the identical question as that which is presented in *Teschner* and in the instant case. However, the felony underlying the sentencing issue in *Andrews* was committed on February 20, 1979, prior to the 1979 amendment, but defendant was sentenced subsequent to its effective date. We therefore held that defendant was entitled to elect to be sentenced under either the law in effect at the time the offense was committed or the law in effect at the time of sentencing. Nonetheless, we addressed the prospective effect of the amendment to section 10 of the Act, stating:

"Effective September 20, 1979, however, section 10 was legislatively amended to provide that 'If * * * treatment is inconsistent with section 5—6—1(a) [of the Corrections Code], the court shall proceed to pronounce sentence as in other cases' and therefore cannot invoke the alternative provided by the Act. (Ill. Rev. Stat. 1979, ch. 91½, par. 120.10.) Section 5—6—1(a) of the Corrections Code (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(a)) in turn incorporates the probation and parole eligibility requirements of section 5—5—3 discussed above. Therefore, the September 20, 1979, amendment now does superimpose the parole and probation eligibility requirements of the Corrections Code onto the Act." 95 Ill. App. 3d 595, 600, 420 N.E.2d 509, 512.

We now hold, as we noted in *Andrews*, that the legislative amendments to section 10 of the Dangerous Drug Abuse Act effective September 20, 1979, and September 26, 1980, superimpose the probation eligibility requirements of the Unified Code of Corrections on the Act. Since defendant in this case is ineligible for probation under the Unified Code of Corrections, the option to elect supervision and treatment under the Dangerous Drug Abuse Act is inconsistent with section 5—6—1(a) of the Code. Accordingly, the trial court correctly determined that defendant was ineligible for treatment under the Act as amended.

The judgment of the circuit court is affirmed.

Judgment affirmed.

SULLIVAN, P. J., and WILSON, J., concur.