THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD KONRAD, Defendant-Appellant.

First District (1st Division)   No. 83—0085

Opinion filed August 22, 1983.

James J. Doherty, Public Defender, of Chicago (Thomas F. Bomba, Assistant Public Defender, of counsel) for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Marie Quinlivan, and Thalia B. Photos, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GOLDBERG delivered the opinion of the court:

Ronald Konrad (defendant) was charged with burglary by an information filed October 13, 1981. On May 10, 1982, upon his plea of guilty, he was sentenced to probation for five years in conjunction with his entry to a drug abuse program referred to as T.A.S.C. (Treatment Alternatives to Street Crimes). On September 15, 1982, a petition was filed alleging violation of probation by the defendant in that he failed to complete his treatment through the T.A.S.C. Drug Abuse Program. After a number of hearings, defendant again appeared before the court on December 10, 1982. The court sentenced defendant to an extended term of eight years. Defendant appeals.

Defendant concedes he left the T.A.S.C. Drug Abuse Program and thereby violated his probation. However, defendant urges his sentence

to an extended term was improper because his original probation sentence contained a finding which precluded an extended-term sentence.

During the hearing of May 10, 1982, the trial court was most thorough and careful in acceptance of the plea of guilty to burglary. The court explained each step in the proceedings to defendant with fine detail. The defendant was able to take advantage of the opportunity of the T.A.S.C. program by virtue of the statutory authority contained in the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1981, ch. 91½, par. 120.1 *et seq.*), which is itself a part of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1981, ch. 91½, par. 1—100 *et seq.*).

There are two pertinent portions of the Dangerous Drug Abuse Act. Section 9 provides for admitting the defendant to treatment without a finding of guilty and "with the consent of the State's Attorney" continuing "the pending criminal proceeding against him *** without final disposition" to be dismissed if the treatment has been satisfactorily completed. Ill. Rev. Stat. 1981, ch. 91½, par. 120.9.

Section 10 provides, for a defendant to be placed on probation provided that he elects to submit to treatment and is accepted for treatment by a properly "licensed program designated by the Commission" such as T.A.S.C. Under this section the defendant may be placed on probation and admitted to the treatment in conjunction with probation. The Act then expressly provides (Ill. Rev. Stat. 1981, ch. 91½, par. 120.10):

> "Failure of an individual placed on probation and under the supervision of a licensed program designated by the Commission to observe the requirements set down by a licensed program designated by the Commission shall be considered a probation violation. Such failure shall be reported by a licensed program designated by the Commission to the probation officer in charge of the individual and treated in accordance with probation regulations."

The difference between these two sections of the statute (Ill. Rev. Stat. 1981, ch. 91½, pars. 120.9, 120.10) is apparent and certain. It is equally certain, and the trial court stressed and repeated the point, that defendant was being placed on probation and his probation was contingent upon his completion of the T.A.S.C. program. The court carefully and expressly told the defendant:

> "If you don't complete the program you will be brought before me on a violation of probation for sentencing."

The defendant, who spoke clearly and well, immediately responded:

> "MR. KONRAD: I understand, sir."

The court also expressly told the defendant he was subject to the possibility of an extended sentence in the event he violated his probation. It is well to observe that at the time of this sentence defendant was already on parole for an unrelated criminal act. He was not a stranger to court proceedings. The defendant pleaded guilty with a clear understanding of his problem and the nature of his plea. The assistant State's Attorney expressly stated that his office was opposed to allowance of probation.

On September 15, 1982, a petition was filed which alleged defendant had violated a condition of probation in that he had left the program against the advice of the T.A.S.C. staff. Appended to the petition is a sworn letter advising the probation department that defendant decided he no longer wished to remain in treatment and he left the program on September 5, 1982, against the advice of the staff. In due course a warrant issued and defendant was brought before the trial court.

Defendant was represented by his own counsel. The attorney argued to the court at some length that the defendant was improperly sentenced by the trial court under section 10, and that he should have been sentenced under section 9 of the Dangerous Drug Abuse Act. (Ill. Rev. Stat. 1981, ch. 91½, pars. 120.9, 120.10.) As has already been shown, this contention has no merit. Since the assistant State's Attorney refused to consent to continuation of the proceedings to permit defendant to obtain treatment, the trial court necessarily proceeded under section 10. The trial court so stated specifically.

Also, the point now relied upon by defendant before this court, that the original probation sentence in and of itself precluded an extended term, was never raised before in the trial court. This point, therefore, is waived and should not be considered. (*People v. Godinez* (1982), 91 Ill. 2d 47, 56-57, 434 N.E.2d 1121; *People v. Jackson* (1981), 84 Ill. 2d 350, 358-59, 418 N.E.2d 739.) We will, however, consider the argument which is readily refuted.

The pertinent statute above quoted provides specifically that where a defendant placed on probation fails to observe the requirements of the commission on mental health created by the statute, the failure by the defendant is to be reported to the probation officer and such failure is to be "treated in accordance with probation regulations." Ill. Rev. Stat. 1981, ch. 91½, par. 120.10.

The applicable probation statute expressly provides that if the court finds a violation of probation the court may continue the offender on the existing sentence "or may impose any other sentence that was available under Section 5—5—3 [Ill. Rev. Stat. 1981, ch. 38,

par. 1005—5—3] at the time of initial sentencing." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(e).) The result is that when the defendant was before the trial court and the court found defendant had violated his probation, the court was empowered to impose any sentence that it could legally have entered at the time of the initial hearing on the information held May 10, 1982.

However, defendant refers us to the statute on probation. He argues that the essential statutory findings by the court when probation was granted to the effect that defendant's imprisonment was not necessary to protect the public and probation would not deprecate the seriousness of the offense operated to prevent a sentence of imprisonment. The pertinent statute provides (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—1):

"Sentences of Probation and of Conditional Discharge and Disposition of Supervision. (a) Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:

(1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or

(2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice."

Defendant completely forgets the provision that resentencing after revocation of probation is necessarily under the original provision for sentencing. (See Ill. Rev. Stat. 1981, ch. 38, pars. 1005—6—4(h), 1005—4—1 *et seq.*) In other words, when the trial court found defendant guilty of violating his probation by leaving the T.A.S.C., and revoked the probation, it followed necessarily that the situation reverted to its condition immediately prior to the sentencing which took place on May 10, 1982. Thus, any statutory sentence was then open and available to the trial court. See also Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(e).

The able and careful trial judge then considered the criminal background of the defendant. The defendant has a lengthy criminal record. Prior to defendant's conviction for burglary on May 10, 1982, defendant was convicted of robbery, a Class 2 felony (Ill. Rev. Stat. 1981, ch. 38, par. 18—1(b)), in 1980; and burglary, a Class 2 felony (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(b)), in 1977. In fact, defendant's counsel stated in open court that there were two prior convictions and

he added, "I am not arguing that point."

The pertinent statute provides that an extended term may be imposed where a defendant is convicted of a felony "after having been previously convicted in Illinois of the same or greater class felony, within 10 years *** and [of which] charges are separately brought and tried and arise out of different series of acts ***." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(1).) Consequently the trial court had a clear legal right to sentence defendant to an extended term.

We gather from defendant's brief that he concedes, or virtually concedes, that there may be, and should be, a sentence of imprisonment in this case. Defendant would be correct in making this concession. Since defendant had been convicted of more than one Class 2 felony within 10 years prior to the offense with which he was charged, he was not eligible for probation when he appeared before the court on May 10, 1982. See Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3(c)(2)(F). See also *People ex rel. Carey v. Bentivenga* (1981), 83 Ill. 2d 537, 542, 416 N.E.2d 259; *People v. Cain* (1982), 106 Ill. App. 3d 409, 410-11, 436 N.E.2d 32.

The ordinary prison term for burglary may be fixed between three and seven years. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(a)(5).) The extended term for burglary may be fixed between seven and 14 years. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2(a)(4).) As above demonstrated, the imposition of an extended term is proper in the instant case. In fact defendant's previous record with commission of two previous Class 2 felonies within the 10-year period, virtually demands an extended term. Certainly the trial court acted well within the reasonable bounds of discretion in imposing the extended term and in designating a comparatively low sentence of eight years. (*People v. Willingham* (1982), 89 Ill. 2d 352, 364, 432 N.E.2d 861; *People v. La Pointe* (1981), 88 Ill. 2d 482, 492, 431 N.E.2d 344; and, of course, *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, and various cases cited in these authorities.) Also, the trial judge ordered that defendant receive a credit for time served on probation. The court could have provided otherwise. See Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(h).

We conclude that the defendant has been treated most reasonably and with complete fairness by the trial judge. The judgment appealed from is accordingly affirmed.

Judgment affirmed.

McGLOON and CAMPBELL, JJ., concur.